THE COMMONWEALTH INSURANCE COMPANY, Appellant, *vs.* MICHAEL PIERRO, Respondent.

### MOTION TO DISMISS AN APPEAL.

A Defendant demurred to a complaint upon two separate reasons or specifications, wherein he claimed the complaint did not state facts sufficient to constitute a cause of action. One of these reasons or specifications the Court held well taken, and the other insufficient. The Defendant then appealed from that part of the order disallowing one of these specifications, claiming the right under *Chap.* 25, *Sess. Laws of* 1861, *p.* 136. *Held* that the appeal does not lie. It would be unjust to allow an appeal to test the correctness of a decision upon an abstract question, which may ultimately have no bearing upon the case.

Where the return to an appeal is not filed in this Court until too late to permit the giving ten days' notice of argument, as required by Rule XV, of this Court, the rule does not apply, and the Respondent may move a dismissal at any time during the term, upon eight days' notice of motion.

SIMONTON & MALMROS, Counsel for Appellant.

J. & C. D. GILFILLAN, Counsel for Respondent.

*By the Court*—ATWATER, J.—The Appellant (Defendant below) demurred to the complaint and the demurrer was sustained, and from the order entered thereon the Defendant appeals to this Court.

The ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action. The demurrer stated two reasons or specifications, showing wherein the complaint did not state facts sufficient to constitute a cause of action. One of these reasons or specifications the Court held well taken, and the other insufficient. From that part of the order disallowing one of these specifications the Defendant appeals.

This is somewhat novel practice, for a party interposing a demurrer to appeal from an order sustaining the same, but the Defendant claims the right so to do under *chap.* 25 *of Session Laws of* 1861, *p.* 136. By the terms of that act the Judge is required to give his decision in writing upon each point or question submitted to him. As to what constitutes a " point or question " within the meaning of this act, may not be always easy to determine ; but in case of demurrer we think it can mean no more than one of the grounds of a demurrer specified in the statutes. To the same pleading one or more of these grounds may be applicable, and if a decision is given upon each separate statutory ground, it is all that can be required, and a decision upon each subdivision, or reason assigned showing the applicability of the ground of demurrer, is unnecessary. No useful purpose can be attained by giving a construction to the statute requiring this, and it would often impose an amount of labor on the Judge both unnecessary and burdensome.

But even were it certain that the statute required a decision upon each subdivision or reason that counsel might choose to assign under a general ground of demurrer, and such decision should be rendered in writing, it by no means follows that a party would be permitted to appeal from such decision, when, as in this case, upon the general ground, the decision is in Appellant's favor. What the object intended to be attained by this statute is, does not very clearly appear, though we

perhaps may form a correct conjecture ; but it manifestly could not have been to allow appeals in cases like the present, unless we hold that the legislature intended to violate the constitution by throwing obstructions in the way of obtaining justice.   The Defendant here has demurred and his demurrer has been sustained on the ground assigned by him.   But the Court has decided that one of the reasons assigned why the complaint did not state facts sufficient to constitute a cause of action, was incorrect.   Whether this part of the decision was right or wrong in the present stage of the case, cannot be material, for the Plaintiff cannot proceed without amending his complaint, and the amended pleading may contain nothing of the objectionable matter.   It would be manifestly unjust to permit the delay and expense of an appeal, to test the correctness of a decision upon an abstract question, which perhaps ultimately will have no bearing whatever upon the case.

The Defendant also objects, that this motion is too late, and should have been noticed for and made upon the first day of term under rule XV.

By reference to the record it appears that the return to this appeal was not filed in this Court until the 26th day of November last—too late to permit of giving ten days notice of argument as required by the rules.   Where such is the case, we think the above rule not applicable, but that the respondent may move a dismissal at any time during the term, upon eight days notice of motion.

The appeal must be dismissed.