MARY HURLEY and Others v. CITY OF WEST ST. PAUL and Another.[1]

June 7, 1901.

Nos. 12,582—(137).

### Amendment of Findings.

A trial court has authority and power to amend its findings of fact and conclusions of law at any time prior to the removal of the cause from its jurisdiction by appeal.

### Records of Public Officer—Highway.

Records of public officers are the best evidence of their contents and existence, and secondary evidence thereof is admissible only upon proper showing that the originals are lost, and cannot be produced; and this rule applies as well to ancient official proceedings and documents as to those of recent date. Evidence examined and *held* sufficient to support a finding by the trial court that the highway in question in the action was not laid out by the public authorities.

### Common-Law Dedication.

Common-law dedications are divided into two classes,—express and implied. In each it is necessary and essential that there be a surrender or an appropriation of the land by the owner to the public use. A showing of an intent to dedicate is indispensable. Such intent is evidenced by some explicit or positive declaration or manifestation of a purpose by the owner to surrender the land, or by some act or course of conduct on his part from which legal inference of such purpose may be drawn. Evidence in this case examined, and considered, and *held* sufficient to support and sustain the findings of the trial court that the locus in quo was not, by plaintiff, or his predecessor in title, dedicated to the public use, within the rules of law above stated.

Action in the district court for Dakota county by John Hurley, plaintiff, to determine the adverse claims of defendant city of West St. Paul to the certain real estate in possession of plaintiff, and to restrain defendants from entering upon and grading the same as a public street. The case was tried before Crosby, J., who found in favor of plaintiff. Thereafter Mary Hurley, and others, were substituted as plaintiffs in place of John Hurley, deceased. Subsequently, on motion of plaintiffs, the court made

[1] Reported in 86 N. W. 427.

83 M.—26

an order amending the findings of fact. From this order and from an order denying a motion to vacate the amended findings and for a new trial, defendant city appealed. Both orders affirmed.

*J. P. Kyle,* for appellant.

*Hermon W. Phillips* and *William Pitt Murray,* for respondents.

BROWN, J.

This is an action to determine the right of the public in and to a strip of land adjoining on the east what is known as "Oakland Avenue" in defendant city. The cause was tried in the court below without a jury. Plaintiffs recovered, and defendant appeals.

Some time after the trial of the action, and after findings had been made and filed directing judgment for plaintiffs, defendant moved the court below upon a settled case for a new trial of. the action, and plaintiffs made a counter motion for certain amendments to the findings of fact. Both motions came on for hearing at the same time. The court denied the motion for a new trial, but granted plaintiffs' motion for amended findings. Defendant complains of this action on the part of the court as erroneous, and wholly without authority. We only mention the point because of the apparent earnestness of the counsel in presenting it. It has, however, no merit. There is no question at all as to the authority of a trial court to correct and amend its findings of fact and conclusions of law at any time prior to the removal of the cause from its jurisdiction by appeal. Jones v. Wilder, 28 Minn. 238, 9 N. W. 707; State Sash & D. Mnfg. Co. v. Adams, 47 Minn. 399, 50 N. W. 360.

The merits of the case present several questions, but only two of the more important ones require special consideration. As the result of our deliberations with reference to them finally ends the litigation, it becomes unnecessary to go further into the record in this opinion. The controversy between the parties is whether a public highway exists upon and over the land in question. Unless there be a highway at that place, plaintiff is entitled to recover, for there is no question as to his ownership of the land. It is claimed on the part of defendant: (1) That

in the year 1855, by proceedings duly had for that purpose, the highway in question was duly laid out by the proper authorities of Dakota county; that, as so laid out, the same included the strip of land in controversy; and (2) that, if it be found that the highway was not duly and legally laid out, the same was dedicated to the public by plaintiff and his predecessor, and that the public acquired an easement therein to the width of sixty-six feet by such dedication. Plaintiff controverts the claim that the highway was duly laid out by the public authorities, and claims that there is no sufficient evidence to prove that fact. He also denies the dedication of the strip of land to the public, or that the public acquired an easement therein by user or otherwise. There is no question between the parties but that a highway exists, and has existed for many years, at the location and vicinity of this avenue. The serious contention between them is as to the east boundary of the same. Plaintiff concedes the existence of a highway, but denies that the east line thereof extends beyond the line of a fence erected by him years ago. So the real question in the case is whether, upon any ground, or for any reason, the east line of Oakland avenue extends beyond the line of plaintiff's fence, so as to take in and include the locus in quo.

With this statement of the case, we come directly to the defendant's first contention, namely, that a highway was duly laid out and established to the width of sixty-six feet by the authorities of Dakota county in or about the year 1855. If laid out or dedicated to that width, it would include this land. It is claimed by defendant in this connection that in the year 1854 a petition was duly presented to the board of county commissioners of Dakota county, in which county the land in question was located, praying that body to lay out and establish a highway over the route of the present Oakland avenue, and that pursuant to this petition viewers were appointed, and a surveyor ordered and directed to make a survey of the proposed road. Some witnesses, who were residents of the locality at that time, gave oral testimony of the survey, and of the fact that the timber and brush in the center of the proposed road were cut out; but there

is no evidence, oral or otherwise, of any action taken by the board of county commissioners. The only record having any tendency to show the laying out of the road at that time is a copy of the surveyor's report found among the files in the office of the county auditor. The road was laid out and established, if at all, under and pursuant to the provisions of R. S. 1851, c. 13. Under this statute the board of county commissioners had exclusive power to establish public roads, and the report of a surveyor in proceedings for that purpose was required to be filed with the register of deeds. That officer was at the time ex officio clerk of the board, and required to keep a record of their proceedings. It must be presumed that he performed that duty, nothing appearing to the contrary, and that the records so kept are still in existence. There is no evidence that the records have been lost or destroyed, and, so far as we are informed, no effort was made to ascertain whether or not they are still preserved, and within reach.

The existence and purport of records may be supplied by parol proof when the best evidence thereof is not obtainable. The records themselves, being the best evidence, must be produced, and the rule permitting secondary evidence of their existence and contents applies only where it affirmatively appears that the originals are lost or destroyed. Such was, in effect, the holding of the court in the case of Town v. Rovelstad, 105 Wis. 410, 81 N. W. 819. It is there said, in referring to the report of a surveyor of the location of a highway in a case similar to this, that:

"From such an official act, which is required and authorized only after certain preliminary steps, results a presumption that such steps were in fact taken, where, as here, the lapse of many years has made proof of the facts by ordinary evidence impossible."

This is in line with the authorities generally. City of Winona v. Huff, 11 Minn. 75 (119); Board of Education v. Moore, 17 Minn. 391 (412); Groff v. Ramsey, 19 Minn. 24 (44); Pittsfield v. Barnstead, 38 N. H. 115; 1 Jones, Ev. §§ 198, 199, 211. The rule applies to all documentary evidence, whether written instruments or records of public or private bodies. To admit of parol evidence

of any such writings, there must be some competent evidence that they were once in existence in point of fact, and have been lost. In the case of ancient documents the rule is that they are evidence of their own authenticity, in the absence of suspicious circumstances tending to discredit their genuineness. 2 Jones, Ev. § 544. And where ancient proceedings are sought to be established, and only fragmentary portions thereof can be found, a proper showing of the loss of the complete record will pave the way to the indulgence of presumptions in support of those fragments produced, and admit of parol proof and judicial inference of the due existence of the remaining parts. But we find no authority for the application of the rule on the mere suggestion that ancient records were once in existence, where there is no effort to procure the original.

Applying these rules to the evidence offered for the purpose of proving the due location and laying out of the highway in question, which was objected to by plaintiff on the trial, the question presented is whether it was such as to require of the trial court a finding in defendant's favor, and to the effect that it was in fact laid out. The learned trial court considered all such evidence no doubt, but found, though not expressly, that the highway was not laid out by the public authorities. There is no specific finding on this point, but a simple finding that the locus in quo was not a public highway; but this amounts to a finding that it was not in fact laid out. We have considered the evidence very carefully, owing to the importance of the question, and conclude that, within the rules by which we are controlled, the findings cannot be disturbed.

Such being the case, we have but one remaining question to consider. Several other questions were argued, both orally and in the briefs, but, in the view we take of the matter, it only remains to inquire whether the strip of land in controversy was included within the boundaries of Oakland avenue as dedicated to the public use by plaintiff and his predecessor. That a highway known as Oakland avenue was dedicated to the public within the rules of law applicable to the subject, there is no question. The fact is not controverted by the plaintiff. The difficulty and dispute

come in determining the width of the dedicated way. The land over which it passes was originally owned by the father of this plaintiff, who acquired it from the government in 1855, and who then resided on that portion lying west of the road. Some years later (in 1860) he conveyed all that portion of the government subdivision owned by him lying east of the road to plaintiff in this action, who erected a dwelling house and other buildings thereon, and has continued to reside thereon since that time. The evidence tends to show that, soon after the erection of his dwelling and other buildings, plaintiff constructed a fence along what he claimed to be the east line of the highway. It further tends to show that the line of the fence as then constructed was substantially at the point where now located, where it was maintained for a period of over twenty years, though for a number of years immediately preceding the year 1898 a portion thereof had been removed or taken down. But plaintiff claims to have had the actual possession of the land during those years, and he erected a new fence in 1899 on the line, as he claims, of the old one. The public authorities never took possession of the land east of this line. It was never used by the public for travel or other purposes, but, on the contrary, has always been in the possession and under the control of plaintiff. Trees were planted thereon,—ornamental and fruit,—and plaintiff's buildings have been in part upon the strip now in question. Besides this, there is evidence in the record tending to show that the public authorities recognized the line contended for by plaintiff to be the true east line of the road. This evidence is found in the fact that plaintiff petitioned such authorities to lay out a sidewalk along such east line in the year 1890, in response to which a sidewalk was laid and constructed along and at the precise point claimed by plaintiff to be the east line of the road. The officer who laid the sidewalk explained this by saying that he knew the true line of the road to be further east, but that the walk could not be laid there because of the condition of the land at that point. But his explanation was for the trial court to weigh and consider with the other evidence in the case. Plaintiff's present barn has been upon the land for more than twenty years, erected at the cost of about $1,000. There is no

evidence to show that this particular piece of land was ever used by the public as a highway, ever improved or repaired as such for any length of time whatever, nor is there any evidence to show any acts of authority over it by them at any time. It is true that in grading the road at one point, and taking earth from the adjacent land, they encroached upon this particular land for a short distance; but this, and all the evidence together, falls far short of showing acts necessary to constitute a statutory dedication. The weight of the evidence tending to show a common-law dedication was, of course, for the trial court to determine, and we can only interfere if it be found that the conclusion of that court was clearly and palpably against such evidence.

Common-law dedications are divided into two classes,—express and implied. In both it is necessary and essential that there be a surrender or an appropriation of the land by the owner to the public use. The former, or express dedication, is evidenced and shown by some explicit or positive declaration or manifestation of an intention to surrender the land; and the latter, or implied dedication, by some act or course of conduct on the part of the owner from which legal inference of the intent may be drawn. A showing of an intent to dedicate is indispensable, and without it, express or implied, there can be no valid dedication. The law on this subject is very thoroughly settled in this state. Wilder v. City of St. Paul, 12 Minn. 116 (192); Case v. Favier, 12 Minn. 48 (89); Morse v. Zeize, 34 Minn. 35, 24 N. W. 287; Klenk v. Town of Walnut Lake, 51 Minn. 381, 53 N. W. 703.

Guided by these rules of law, we will proceed, and consider the evidence and some of the acts claimed by appellant to show a dedication. There is no evidence of an express dedication, either on the part of plaintiff or his predecessor; nor, as we view the evidence, is there shown such a course of conduct on the part of either as to justify and sanction a legal inference of an intention to dedicate. It is contended that the act of building a fence on the west line of the road at the point where it is claimed the public surveyor placed it is evidence that the strip of land in question, which is on the east side of the road, and within plaintiff's fence on that side, was dedicated to the public use. If this act

has any tendency to show—and it probably has—a recognition or admission on the part of plaintiff that his fence on the west side was on the true line of the highway, the same inference should be drawn with reference to his conduct in building a fence on the east line. Another act claimed to be an evidence of dedication on his part, and a recognition of a four-rod highway, is the fact that he sold a portion of the land owned by him on the west side, and conveyed the same with reference to the boundary, as shown by the fence erected by him on that line. This is certainly not conclusive against plaintiff, and has no greater weight or effect than the erection of the fence in the first instance. There is no controversy as to the west line. Plaintiff erected the fence thereon, the public have acquiesced in the line fixed by him, and there can be no question but that both are concluded by the line so fixed. The same may be said with reference to the small plat made by the surveyor in connection with the sale of the west side land. The plat may be considered as evidence of the dedication of a street of the width shown thereon, but, under all the circumstances shown in the case, its weight and effect were for the court below. The plat was made for the benefit of the parties only, and was not filed as a record. Its weight and credit were for the trial court.

It is also claimed that a petition made by plaintiff to the proper municipal authorities asking for a change in the location of this street was evidence of a recognition by him of its existence, and of the width thereof, as claimed by defendant. The mere fact that plaintiff desired to have the street removed from its present location gives rise to no conclusive presumption or inference that the same had been previously dedicated to the width of sixty-six feet. A highway by dedication is ordinarily limited to the land actually used and occupied, together with such adjacent land as may be necessary for ordinary repairs and improvements. Marchand v. Town of Maple Grove, 48 Minn. 271, 51 N. W. 606. There is no claim—at least no evidence to support a claim—that the land in question, and within the line of plaintiff's fence on the east side, was reasonably necessary for the ordinary repair and improvement of the dedicated and used way. At any rate, this fact, with all the other facts and circumstances shown on the

trial, were for the trial court to consider. Other items of evidence tending to show a dedication need not be specially referred to.

We have considered all the evidence contained in the record with special care, and conclude that it is not such as to justify us in setting aside the findings of the trial court. We cannot do so without encroaching upon the province and duty of that court to determine questions of fact. We therefore sustain him. Other questions presented in the record and argued by counsel need not be considered. The conclusion we have reached that the findings of the trial court to the effect that there is no highway over the locus in quo, either by dedication 'or otherwise, is conclusive against defendant city, and the determination of other questions presented either way would avail it nothing.

The orders appealed from are affirmed.