FRED ARNDT v. JAMES THOMAS and Others.[1]

October 30, 1903.

Nos. 13,589—(48).

**Highway.**

In an action for trespass upon real estate the material controversy involved was the existence of a highway. Upon this issue the evidence was conflicting, and the court found that there was no highway where the defendants were alleged to have trespassed. *Held* to have been sufficiently supported by the evidence.

**Injunction—Incorrect Description.**

The evidence tended to show that the defendants trespassed upon a smaller portion of land than the entire tract described in the complaint, but through inadvertence the court embraced the whole in its conclusion of law and in ordering an injunction to restrain further trespasses, thus including places where defendants might have a lawful right to travel and improve conceded highways. *Held* that, if this conclusion was too broad, the party prejudiced should have called the attention of the court thereto, and requested that a proper correction be made (which was not done), before demanding a reversal of the order denying a new trial.

Action in the district court for Blue Earth county to recover $500 damages for trespass upon plaintiff's land and to restrain defendants from further interference with plaintiff's possession thereof. The case was tried before Cray, J., who made findings of fact, and as conclusions of law found that plaintiff was entitled to a permanent injunction, as prayed, and the sum of $18 damages. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Thos. Hughes* and *Wm. F. Hughes,* for appellants.

*A. E. Clark* and *W. L. Comstock,* for respondent.

LOVELY, J.

Plaintiff is the owner of a quarter section of land in Blue Earth county. Defendants, one of whom was the overseer of highways, under the claim that there was a legal road upon a portion of this tract entered thereon, plowed and graded a strip about sixty rods in length without the permission of the plaintiff. This action was brought to recover

[1] Reported in 96 N. W. 1125.

damages occasioned by the alleged trespasses, and for an injunction to restrain further interference with plaintiff's possession. The cause was tried to the court, who found that defendants wrongfully entered the premises described, and injured growing crops thereon, to plaintiff's injury in a specified amount; also that defendants intended to commit further trespasses thereon—and held that defendants should be enjoined from entering upon the quarter section described in the complaint to interfere with the soil, crops, or for any purpose without the consent of the plaintiff, and ordered judgment in accordance with such finding. Defendants moved for a new trial, which was denied. This is an appeal from that order.

Upon proper assignments the question of fact is presented on this review whether that portion of plaintiff's land where the plowing and grading were done was a public highway. If it was, defendants' acts were justified; if not, the trespasses entitled plaintiff to damages, and the admitted purpose of defendants to maintain a highway at the disputed locus justified an injunctional order to restrain them from so doing. Our examination of the evidence supports the view that it reasonably sustains the conclusion of the trial court that the place where the plowing and grading were done was not a highway, as well as that the damages were properly awarded. During the trial it appeared that the portion of plaintiff's land where the trespasses were committed connected with and were adjacent to other public highways, which were on the same quarter section. And to some extent the evidence presented a controversy whether the place where the trespasses were alleged to have been committed was the legal way, rather than different ones, also on plaintiff's land. However, the real question involved was over the strip where the plowing was done, and traveled roads at other places were not disputed to be lawful highways.

It is urged very strenuously that the findings and order of the court went too far; that defendants, who were authorized to act for the town in improving its legal ways on plaintiff's quarter section, were thereby restrained from exercising authorized lawful rights. While it is and has been conceded that there were highways on plaintiff's quarter section which the town, through its servants, had a right to improve, the material issue contested in this suit was over the strip of land where the trespasses were committed, to which it is clear the court's attention at

the trial was directed, and to which its findings were intended to apply, and, if its conclusions of law or fact in this respect embraced more than was necessary, the course of the evidence at the trial did not indicate that the defendants desired to protect the rights of the public authorities to improve highways over which there was no controversy. The real issue was over the strip where the plowing and grading were done. It was this particular place that was the especial subject of contention, and if, by reason of the fact that there were other highways at places on plaintiff's land over which the court may have unintentionally enjoined defendants from exercising legal authority, we cannot doubt that, if its attention had been called to the inadvertence in this respect, a correction would have been made to fit the findings to the precise description of the strip as to which defendants' rights were litigated by the evidence. This appeal is from an order denying a new trial. The point that the order was too broad in the respects stated was not presented on such motion, and it seems to us very clear that, before defendants have a right to demand its reversal, some suggestion should have been made of the alleged error assigned for the first time here. This was but fair to the trial court.

Under the course adopted at the trial we do not think appellants are entitled to an absolute reversal of the order appealed from. If, as probable, it would be found by the trial court from a review of the evidence that the findings should have been limited in their scope to a specific description of the land where the trespasses were, under its findings, committed, and to which the same were intended to apply, defendants, by their failure before the new trial was denied, to insist upon their rights in this respect, are responsible for the injurious consequences which are liable to restrict their lawful privileges hereafter.

The order appealed from is affirmed, without prejudice, however, to the defendants' right, if they shall be so advised, to ask for a modification of the findings and order for injunction to apply the same to and more particularly designate the specific locality where the trespasses were committed.

Order affirmed.