# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

FRED ARNDT v. JAMES A. THOMAS and Others.[1]

July 15, 1904.

Nos. 13,915—(163).

**Highway.**

A public highway acquired by adverse user under the statute is not necessarily limited in width to the track made by passing vehicles. Its width is to be determined as a question of fact by the character and extent of the user.

**Former Appeal.**

An appeal from an order denying the relief authorized by a former decision (90 Minn. 355) reversed, with directions.

Appeal by defendants from a judgment of the district court for Blue Earth county, entered pursuant to the findings and order of Lorin Cray, J. Reversed and remanded.

*Wm. F. Hughes* and *Thos. Hughes,* for appellants.

*W. L. Comstock* and *A. E. Clark,* for respondent.

BROWN, J.

This cause was before us on a former appeal, at the October, 1903, term. The opinion written at that time will be found in 90 Minn. 355, 96 N. W. 1125. The action involves a controversy respecting the loca-

---

[1] Reported in 100 N. W. 378.

93 M.—1

tion of a public highway as it extends over and across the property of plaintiff. On the claim that defendants, some of whom are town officials, trespassed upon plaintiff's land in attempting to improve the highway, this action was brought to recover damages, and to restrain and enjoin them from further acts of the kind. The court below found that the acts complained of were not committed within the boundaries of the alleged highway, and ordered judgment granting a permanent injunction, as prayed for in the complaint. Defendants moved for a new trial, and from an order denying it the former appeal was taken. The order was affirmed by this court, but without prejudice to the right of defendants to apply to the court below for a modification of its findings, and for an order limiting the application of the injunction to a more particularly designated and specific location, where the acts of trespass had been committed. After the cause had been remanded, defendants moved the court below for further findings and directions in harmony with the views expressed in the opinion of this court, which motion was denied, and defendants again appealed.

There is no substantial controversy but that the highway which defendants were attempting to improve at the time complained of has been a public road for more than thirty years. It was not laid out by public authority, but became a highway by adverse user. The overwhelming preponderance of evidence establishes this fact, and it is practically conceded by plaintiff. The precise controversy involves only the portion of the road extending a distance of about forty rods over and across plaintiff's land. Defendants contend that the evidence is conclusive of the establishment of the road by adverse user between the disputed points, of the width of about two rods, while it is contended by plaintiff that because of the fact that public travel over this portion of the road was not confined to one track, or nearly so, the public acquired no easement therein for highway purposes or otherwise.

The controversy ought to be brought to an end, and the rights of the public finally settled and determined; and it was in this view that permission was granted defendants to make further application to the court below for more definite and specific findings and order of judgment. It will be difficult, no doubt, for the trial court to grant the relief authorized by the former opinion, namely, to amend its findings and order for injunction, to apply the same to a more particularly

designated and specific locality where the trespass was committed, without fixing and determining the boundaries of the highway. If the evidence now in the record is insufficient to justify a finding definitely defining such boundaries, further evidence may be taken upon that question.

It appears from the memorandum of the trial court that it was of opinion that a highway acquired by adverse user must be confined exclusively to one track, and it was, no doubt, influenced in a measure, at least, in determining the rights of the parties, by that view of the law. If such is the view of the trial court, it is at variance with some of the decisions of this court. It has always been held that a public highway obtained solely by adverse user for the period of time prescribed by statute is not necessarily limited in width to the track made by passing vehicles. Its width is to be determined as a question of fact by the character and extent of the user. Marchand v. Town of Maple Grove, 48 Minn. 271, 51 N. W. 606. If the public actually used over and across the land of plaintiff at the point in question a road to the width of two rods, it became a public highway, within the meaning of the law, to the extent of the land so used, and the court should so find as a fact.

The motion addressed to the court below, as it appears in the record on this appeal, though covering ground and asking for relief beyond the scope of the former opinion, was sufficient on which the trial court could have made an order defining definitely the highway, and limiting the injunction to acts committed outside its boundaries. As suggested, if the evidence now in the record is insufficient to warrant such a finding, further evidence may be taken upon that precise question.

Order reversed and cause remanded for further proceedings in harmony with the views herein expressed.