PHILIP GILBERT v. VILLAGE OF WHITE BEAR and Others.[1]

February 26, 1909.

Nos. 16,010—(153).

**Dedication of Road by User—Subsequent Statute.**

> Chapter 152, p. 155, Laws 1899, providing that, when a road has been used, kept in repair, and worked for six years continuously as a public highway, the same shall be deemed to have been dedicated to the public to the width of two rods on each side of the center line of the road, has no application to roads which had become established highways by user prior to the time the act took effect.

Action in the district court for Ramsey county to restrain the village of White Bear and the members of the village council from the intended cutting, destroying, and removal of certain oak trees upon

[1] Reported in 119 N. W. 1063.

plaintiff's premises. The answer of defendants alleged that Lake avenue, as platted, was sixty feet in width and ever since its dedication in the year 1871 had been used, improved and publicly traveled as a public highway; that with the growth of population it became necessary to improve the same and open the street to the full width of sixty feet, and that defendants as officers of defendant village were charged with this duty. It also alleged that before the platting Lake avenue was a county road duly laid out as a county road four rods wide and had been traveled and occupied for more than fifty years. The reply admitted the platting, but alleged that the trees marked by defendants for cutting were not within the limits of Lake avenue but on plaintiff's premises. The case was tried before Hallam, J., who found as conclusion of law that plaintiff was the owner of the strip of land between the roadway and Lake avenue and of the trees standing thereon, and granted the injunction prayed for. Plaintiff's motion to amend the findings of fact was denied. From an order refusing defendants' motion to amend the findings of fact or to grant a new trial, they appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellants.

*Harris Richardson* and *Harold C. Kerr,* for respondent.

LEWIS, J.

Respondent commenced this action to enjoin the officers of the village of White Bear from cutting, destroying, and removing certain trees upon his property. The trial court found that respondent was the owner of certain lots, according to certain plats, fronting on White Bear Lake for a distance of ninety five feet, and valued at $5,000. According to the original plat, of date June 29, 1871, a street was designated and known as Lake avenue, and all of the lots constituting respondent's premises abut upon this street; but it was never improved or used as a street or highway. The trial court found the facts as follows:

That a roadway across the lots had been continuously traveled by the public for the period of more than fifty years; that the traveled track thereof, together with the space necessarily incident thereto, covered a width in front of the premises from eighteen and one half to twenty two feet; that the land contiguous to the road was covered

with trees, but no part of such land had ever been used, occupied, or traveled as a part of the road, nor had any part of it ever been necessary, or used, for the repair or improvement of the same. This roadway is entirely upon respondent's lots, is nearly parallel with Lake avenue, as platted, and the space between the westerly line of Lake avenue and the easterly line of the roadway is twelve feet, more or less. No part of the intervening space of twelve feet is within the public highway, or within the limits of Lake avenue as platted, and the trees involved in this controversy are located in this intervening space.

The village authorities assumed the right to cut down the trees occupying the intervening space between the traveled road and Lake avenue, upon the theory that they stood within the limits of the public highway and that it became necessary to cut them in pursuance of a plan to widen the road. No doubt the officers proceeded in good faith, but according to the facts as settled by the findings the trees stood upon land owned by respondent, and not within the limits of any road or highway, nor within the limits of Lake avenue. Appellants concede that the trees were not within the limits of Lake avenue, but claim authority to cut them by virtue of chapter 152, p. 155, Laws 1899, which was approved April 11 of that year. That act provides in part, as follows:

"When any road or portion thereof shall have been used and kept in repair, and worked for six years continuously as a public highway, the same shall be deemed as having been dedicated to the public to the width of two rods on each side of the center line of said road and be and remain until lawfully vacated, a public highway, whether the same has ever been laid out as a public highway or not." Respondent acquired title to the premises in 1897, and, if the act above referred to has any application, the six years expired April 11, 1905. Whether that act is applicable is the only question in this case.

Whatever may be the effect of this statute upon roads having their inception by user after the act went into effect, concerning which we express no opinion, it is evident that it does not apply to a road which had become an established highway at the time the act took effect. The trial court found that long prior to 1899 a road not exceeding twenty two feet in width had been established by usage. The limits of this road are therefore as well defined as a road which is laid out

107 M.—16.

upon petition by the public authorities, or which has been dedicated to the public by the execution and filing of a plat, and it was beyond the power of the legislature to appropriate private property for that purpose without making provision for just compensation.

· Affirmed.