# FRED SCHRACK v. COUNTY OF HENNEPIN.[1]

## June 18, 1920.

## No. 21,792.

**Width of improved highway — question for jury.**

When a roadway is acquired by user, its width, in the absence of statute, is measured by the user. But when it is evident that further improvements will have to be made for the safety and convenience of travelers, and they become reasonably necessary, the public is entitled to the use of land outside the traveled way. In this case it was a question of fact for the jury whether the defendant, in improving a roadway, acquired by user, so that the traveled surface was of a definite and uniform width, with ditches draining it, of a proper grade to meet a connecting road, and in general harmony with the road system of the county, used more of the plaintiff's land than was reasonably necessary.

Action in the district court for Hennepin county to recover $935 for damages for removing earth and trees from plaintiff's property. The answer alleged that whatever work was done or excavation made in the road where it abutted upon plaintiff's property was for the purpose of improving the highway and not otherwise; that it was necessary for the repair and maintenance of the highway and the accommodation of travel thereon. The case was tried before Hale, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Norton & Norton,* for appellant.

*William M. Nash,* County Attorney, and *Frank J. Williams,* Assistant County Attorney, for respondent.

DIBELL, J.

Action to recover damages for entering upon plaintiff's property along a highway and removing earth and trees. There was a verdict for the defendant and the plaintiff appeals from an order denying his motion for a new trial.

[1]Reported in 178 N. W. 484.

The plaintiff owns a two-acre tract, cornering on the Minnetonka Mills Road, also known as Road No. 60, and Excelsior avenue, in Hennepin county. Road No. 60 runs north and south and Exelsior avenue has a northeasterly and southwesterly course at its intersection with No. 60. The plaintiff's land fronts to the east on the road 316 feet and to the south and southeasterly on Excelsior avenue 250 feet.

The road was acquired by the public by prescription many years ago. Under the present statute a highway acquired by user extends two rods on either side of the main line. G. S. 1913, § 2563. Such a statute does not apply to roads which became highways by user when there was no statute. Gilbert v. Village of White Bear, 107 Minn. 239, 119 N. W. 1063. It is conceded that when Road No. 60 became a highway by user there was no statute, and that the user measured the extent of the roadway acquired. Marchand v. Town of Maple Grove, 48 Minn. 271, 51 N. W. 606; Hurley v. City of West St. Paul, 83 Minn. 401, 86 N. W. 427; Arndt v. Thomas, 93 Minn. 1, 100 N. W. 378, 106 Am. St. 418.

In the summer of 1917 the defendant improved Excelsior avenue and Road No. 60. There was a fill in the avenue to the east of plaintiff's property, made necessary by the approach to the bridge over the intersecting street railway tracks. The contract provided that earth for the fill might be "borrowed" from the Road No. 60. The road was excavated and brought to a level suitable to meet the grade of the avenue, ditches were constructed on both sides, and the earth was used for the fill. In the course of the improvement native oak trees and some planted butternuts on the plaintiff's land were destroyed. The road was of 24 feet surface width with five feet ditches on either side, 34 feet in all. It corresponded in width with the general plan of road-building in the county. It was of the usual width of a so-called "secondary" roadway and was graded to fit in with Excelsior.

The road originally acquired by user was the ordinary road through more or less wooded land, with some irregularities and defects, and was not of a uniform traveled width. In Marchand v. Town of Maple Grove, 48 Minn. 271, 51 N. W. 606, cited above, the court said:

"As the right to the highway in this case depends solely upon an

adverse user by the public, its width, and the extent of the servitude imposed upon the plaintiff's land, are measured and determined by the character and extent of the user, for the easment cannot, upon principle or authority, be broader than the user. * * * Of course the rights of the public cannot be confined to the precise portion of the soil on which the wheels of the passing vehicles may run, commonly called the "track," nor was that the view of the court below. The jury was charged that, if the plaintiff allowed the public to travel over his land south of the laid-out road, and, at places, to improve the way, where it was evident that further improvements would have to be made for the safety and convenience of travelers, then the public would be entitled to more than the mere width of the track; it would be entitled to such adjacent ground as would be necessary in case of an excavation, or to fill in upon in case of an embankment."

Counsel agree that the principle of the Marchand case is applicable. The only question is whether a finding of the jury that no more was taken than was necessary is sustained. We must recognize that there are some roads acquired by user, when no statute was in effect, where the width must be measured by the user, though not so of roads now acquired, but we should not strive for an application of the rule which will render practical road-making more difficult. It is necessary that country roads be built with some system in view, with proper drainage, and so connected that the roads of the county will be ways of inter-communication. They should not be patchwork. The landowner who subjects his property to a road easement must bear the increased use which comes with increased travel, the making of new roads and general development. When it becomes necessary for the safety and convenience of travelers to make a definite road-bed with proper ditches, to connect the road with other roads, and to make grades of connecting roads correspond by excavations or fills, he must bear such additional burden. It was a question of fact for the jury whether more of the plaintiff's land was taken than was reasonably necessary.

The views stated are those of the members of the court other than the writer. His view is that the extensive use made of the land of the plaintiff in improving the road and Excelsior avenue was not "reason-

ably necessary for the ordinary repair and improvement of the dedicated and used way," as the language is in Hurley v. City of West St. Paul, 83 Minn. 401, 86 N. W. 427, and that in practical result the application of the rule as made goes far to take away the recognized distinction between user roads acquired before the four-rod statute and those acquired afterwards. Therefore he dissents from the result reached.

Order affirmed.