ARTHUR NELSON AND ANOTHER v. COUNTY BOARD OF NICOLLET COUNTY.[1]

January 26, 1923.

No. 23,254.

**County board had jurisdiction over alteration of county road in one town.**

1. The petition is construed to be one for the alteration of an existing county road by laying out between two given points therein a new road, thereby straightening and shortening the course of the old road. And it is *held* that the county board had jurisdiction in the premises, although the part of a new road thus petitioned for was only in one town.

**Order vacated old road at end of two years.**

2. The order establishing the alteration mentioned in the course of the old road ipso facto vacates the part thereof which lies between the terminal of the new part after the lapse of two years, as provided by section 2565, G. S. 1913.

**Question for jury.**

3. The evidence made it a question for the jury whether the benefits equaled the damages.

**Question properly submitted to jury.**

4. The testimony is that the road is a county road established in 1854. At that time the law required all such roads to be 66 feet wide. Hence it was not error to submit to the jury whether appellants would gain the use of more land than they lost by the change in the road.

**No error.**

5. There are no reversible errors in the record.

[1]Reported in 191 N. W. 913.

From an order of the board of county commissioners of Nicollet county laying out a county road, Arthur Nelson and Annie Nelson appealed to the district court for that county. The appeal was heard by Olsen, J., and a jury which returned a verdict that the land of appellants would be damaged in the sum of No Dollars by the laying out of the road in question. From an order denying their motion for a new trial, the Nelsons appealed. Affirmed.

*Pfaender & Erickson*, for appellants.

*George T. Olsen*, for respondents.

HOLT, J.

The board of county commissioners of Nicollet county altered a county road therein where it crosses appellants' farm. They appealed to the district court, but the action of the board was in all things affirmed, except that, by the verdict of the jury, the damages awarded them were reduced from $55.55 to nothing. They now appeal from the order denying a new trial.

The first contention is that this was a petition for a new road, and, since that was to be laid wholly within one town, the county board had no jurisdiction and the court should have dismissed the proceeding on appellants' motion. It is true, the petition, in part, is "to lay out a new road in said county running into more than one town of said county, such road not being within the corporate limits of any city or village, and said road connecting with a county and a state road at its beginning and at its terminus and described as follows, to-wit." The description places the beginning of the road at a certain point in the center of "State Aid Road Number 5" in Nicollet county and the terminus in the center of the same road 6,503 feet westerly of the starting point. The exact point of beginning and ending together with courses and distances are specified.

Strictly speaking, the petition is not one for a new road, but for a change or alteration in an existing road. The description of the road asked for in the petition makes this perfectly clear. A new road is laid between two given points in an old established road simply to straighten and shorten the course of the latter. This so-

called new part is neither a branch nor an extension of the existing road, nor does it join or connect two roads. Subdivision 4, § 42, c. 323, p. 439, Laws 1921, so far as applicable to this road, reads: "Whenever twenty-four free-holders of any county petition the county board for the establishment, alteration or vacation of any road * * * running into more than one town * * * setting forth the beginning, course and termination * * * of the road * * * and the names of the owners of the land * * * through which the same may pass, and file the same with the auditor, he shall forthwith lay the same before the board" etc. The road is in the petition designated as "a county road and a state aid road." The testimony shows it to be known as the Fort Ridgely road, leading from St. Peter to Fort Ridgely, and that it has been open for travel since 1854. Courts will take judicial notice of the fact that a road between the places mentioned passes through more than one town. A surveyor and civil engineer, called by appellants as a witness, testified that he had examined the plat of the road in the auditor's office, made in 1854; that it was a county road; that the plat describes the center line of the road but said nothing about the width; and that "there was no lines of ties through the various sections."

We think that altering this road was clearly within the jurisdiction of the board of county commissioners, for, on the face of the petition, the new road asked for was merely a change in the course of an existing county road. The question presented is of the same nature as the one decided in Re Appeal of Ondrachek v. McLeod County, supra, page 178, where the new road constituting a connecting link between two county roads was wholly within one town, here the new road in one town serves only to alter the course of an existing county road therein.

Appellants claim they now have their farm cut up by two roads, and that they must be to the expense and trouble of procuring an order from the county board vacating the part of the old road leading from the beginning to the terminus of the new. We think not. The order of the county board, appropriating land for a new course between the two given points in the established road so as to

straighten and shorten the same, must be held to ipso facto vacate the old road between those points, under section 2565, G. S. 1913 (section 52, c. 323, p. 447, Laws 1921), which reads:

"Whenever a road shall be changed by order of a county or town board, the road as it existed before the change shall remain open to public travel for two years from date of the order; but the board may vacate such road within said two years when it deems the new road to be fit for public travel at all times of the year."

The right of the public to use the old course of this road, between the two termini of the new part, ceases with the expiration of two years from the date of the order granting the petition. The inference from the section cited is that a formal order of vacation is not called for, unless such conditions arise that the easement may be terminated sooner than is done by the statute. The court, therefore, rightly instructed the jury to consider the benefits to appellants in getting back that part of the old road for which the new was substituted over their land, and offsetting the same against the damages for the establishment of the new part. At this point it would have been proper enough to also have called the jury's attention to the fact that this benefit might not be enjoyed for two years as provided by said section 2565. However, there was no request to charge on that item.

Whether the jury arrived at a just result in finding the benefits equal to the damages may admit of some doubt. How much the expense will be to level off the part of the old road to be abandoned and make it as productive as the rest of the farm is not shown. But we think the matter of damages and benefits was for the jury.

The contention is that the court virtually instructed that appellants would get the use of more land by the change. This is not so. The court merely stated the claim of respondent in that respect, but left the determination thereof to the jury. It was evident from the plat of appellants, as well as from the testimony, that the old course of the road between the two given points is considerably longer than is the new part. There are many bends and abrupt curves therein. Hence, if the old road is four rods wide, respondent's claim was true.

The record, as already indicated, is not very satisfactory as to how this old road was originally laid out. We have nothing but the testimony of appellants' surveyor as to what is found in the auditor's office. It is called a "state aid road." This designation may be accounted for because state aid has been procured therefor under the provisions of section 2505, G. S. 1913 (section 18, c. 235, p. 297, Laws 1913). But it is also designated as a county road, and the witness just referred to testified that it is a county road. The statutes in force in 1854 (section 10, c. 13, p. 114, St. 1851), provide: "All county roads laid out and established in this territory shall be sixty-six feet in width." We cannot, therefore, hold that this old Fort Ridgely road was established by user, previous to the enactment of 1899 relative to the width of such roads, so that it is limited to the width of the roadway necessarily occupied or used, under the decision in Gilbert v. Village of White Bear, 107 Minn. 239, 119 N. W. 1063.

But, even granting that the old road is one established by user and therefore the part vacated is 1/3 of an acre less in area than the land taken for the four-rod-wide strip for the new part, we are not prepared to say that the verdict is without support. It is true, the new part crosses appellants' farm from east to west at an angle of 74 degrees 25 minutes west, thus inconveniencing the working of the fields somewhat. But to offset this loss of tillable area and inconvenience in working the farm, enhancement in value may be found in a straight road passing through instead of one exceedingly crooked and unsightly. It is also to be remembered that section 2558, G. S. 1913 gives the owner the privilege of seeding to grass any road up to one rod from the center, provided it can be done without interference with the travel or improvements of the road.

Certain rulings at the trial are assigned as errors, but the brief does not point out wherein they were wrong or prejudicial, and we cannot discover that they are. The contention that a new trial should be had because the order of the county board disclosing the award of damages went to the jury cannot be sustained, for no objection was raised when respondent's attorney requested that the document might be taken to the jury room and, what is a better

answer, appellants elicited from the members of the county board, when on the witness stand, what damages were awarded by the board and the grounds upon which they were based.

The order must be affirmed.