134 So.2d 866 (1961)
Walter B. GRENELL and Marion B. Grenell, Appellants,
v.
Mary SCOTT, A.L. Tuten, and wife, Minnie Tuten, Appellees.
No. 2230.
District Court of Appeal of Florida. Second District.
November 15, 1961.
*867 Malory B. Frier, Tampa, for appellants.
Forrest O. Hobbs, Tampa, for appellee Scott.
J.B. Norman, Tampa, for appellees Tuten.
SMITH, Judge.
Mary Scott, as plaintiff, one of the appellees here, brought this action in Chancery against the defendants, A.L. Tuten and Minnie Tuten, his wife, one of the appellees here, and against Walter B. Grenell and Marion B. Grenell, his wife, the appellants here. The chancellor entered a final decree ordering the defendants to remove certain obstructions and relocate their fences to re-establish a road known as the Old Fulton Road. All of the testimony at the final hearing was offered by the plaintiff and the defendants Tuten. The defendants Grenell sought to have the court consider as a part of the final hearing an affidavit submitted by Grenell in support of a motion for summary judgment previously heard and denied. The chancellor correctly refused to consider this affidavit. After final decree, the defendants Grenell petitioned for rehearing submitting affidavits of witnesses who had previously testified, which were to the effect that the chancellor had misunderstood the testimony of the witnesses. Again the chancellor refused to consider these affidavits and denied the petition for rehearing. Unilateral affidavits are not a proper form of evidence on controverted questions of fact.
The parties here concede, and the record establishes the fact, that the Old Fulton Road had been used by the general public continuously, uninterruptedly, openly, notoriously, and adversely for a period of time of more than thirty (30) years and that the road extended from the Bloomingdale Road on the north to the Lithia Road on the south. The point of contention between the parties is directed to the record with *868 respect to the exact location and the width of the road. Most of the witnesses did not testify as to the width of the road and some that did used only such terms at "it was only a trail", and "a little country road." No maps or surveys were introduced to show the width of the road. There was introduced in evidence two small scale aerial photographs, but the only witness who testified concerning the photographs testified to the effect that the width could not be determined from the aerial photographs. The witness, Albert Brooker, was the only witness who testified directly to the width of the road as follows:
"I have a mental picture of it  it must have been from the present fence to the other side of the road, maybe ten, twelve, fourteen feet. That is just a mental picture."
All of the parties involved, except Grenell, expressed complete satisfaction with the chancellor's order fixing the width of the road at twenty-five feet. That is, twelve and one-half feet on each side of the center line running north and south through the northwest quarter of the section. The appellees here contend that this was a wise decision of the chancellor in setting forth the roadway in a width that would allow for shoulders, ditches, and for two cars to pass.
The next point of contention between the parties is the question of the exact location of the Old Fulton Road. Construing the evidence most favorably to the appellees, we find that the record discloses in the early days of this road that there were no fences nor established property lines on the ground from which the location of the road might be definitely established but that many years ago the property owner owning the lands to the east of the road placed a fence parallel to, and on the west side of the road; that this fence was approximately on the north and south center line of the quarter section; and that the road was on the east side of the fence and so remained for years. Prior to placing the fence on the line, the road may have wandered a little to the west of the line, but it was mostly to the east of the line. The uncontradicted testimony shows that the Tutens acquired the lands to the east of the line; that they also acquired some of the lands to the west of the line, a part of which is now the Grenell lands and that the Tutens sold a part of their land to Taylor, who sold to Grenell; and that at the time of the sale to Taylor, the Tutens put the fence on the line, cleared the Grenell lands and cleared their own lands and located and established the road on their remaining lands to the east of the fence and the land line. By their actions, the Tutens made it impossible to determine the original location and width of the road by actual observance on the ground. This brings the Tutens within the well-established rule that, where one of two innocent persons must suffer, the one who occasions the loss or makes it possible or could have prevented it must suffer. Kerivan v. Fogal, 1945, 156 Fla. 92, 22 So.2d 584.
In Downing v. Bird, Fla. 1958, 100 So.2d 57, the Supreme Court held that the limits, location, and extent of occupation to establish a public road by prescription must be definitely and clearly established by affirmative proof, and cannot be established or extended by presumption and that the acquisition of rights by one in the lands of another, based on possession or use, is not favored in the law and the acquisition of such rights will be restricted, and any doubts as to the creation of the right must be resolved in favor of the owner.
In Sunnybrook Groves, Inc. v. Hicks, Fla. App. 1959, 113 So.2d 239, this court reversed the chancellor in an instance where the chancellor found the width of the road as fifteen feet, whereas the testimony on the width showed the width to be no more than fourteen feet, except at one point, and again reiterated the principle of law that the width of a prescriptive way is limited to the extent of the actual user.
In Broward County v. Bouldin, Fla.App. 1959, 114 So.2d 737, 739, this court again *869 reiterated the principles of law set forth above. However, the appellees cite the following portion of that opinion as the authority of the chancellor to provide a roadway in a width that did allow for shoulders, ditches and for two cars to pass, that is, the twenty-five feet. Appellees quote the part of this decision as follows:
"* * * it is well settled that when a public easement by prescription is acquired for road purposes, the width of the easement is not limited to that portion of the roadway actually traveled or paved. It includes also the land which is needed and used for the support and maintenance of the paved or traveled portion. This includes shoulders and ditches. * * *"
Appellees misconstrued this quoted part of this decision and have overlooked the fact that this decision is in no way different or contrary to the Downing case or the Sunnybrook case, supra. It is clear that the width of the prescriptive easement includes shoulders and ditches needed and actually used, but this statement does not include the allowance of a width for shoulders and ditches not used but needed. There is no evidence in the record here of any width that was actually used for shoulders and ditches. The record in this case does not bring this case within the purview of Section 337.31 Florida Statutes, F.S.A., pertaining to public maintenance of a road.
We, therefore, conclude that the record in this cause fails to meet the tests of the principles of law enumerated; that the record is insufficient to establish any prescriptive right-of-way over the lands of the Grenells; that the record establishes a prescriptive easement and right-of-way immediately to the east of and parallel to the center line running north and south through the northwest quarter of section 9, township 30 south, range 21 east, Hillsborough County, Florida, insofar as it affects the lands of the defendants Tuten, extending from an eastward extention of the south line of the Scott lands north to the north line of the Tuten lands; and that the width thereof is fourteen feet, (that being the greatest width testified to by any witness). This cause is reversed with directions to enter a decree in conformity with the views expressed in this opinion, or the chancellor, if he deems it necessary, may entertain additional testimony for the purpose of fixing the width of the road.
Reversed.
SHANNON, C.J., and WHITE, J., concur.