## WALTER BARFNECHT AND ANOTHER v. TOWN BOARD OF HOLLYWOOD TOWNSHIP, CARVER COUNTY.

232 N. W. 2d 420.

July 18, 1975—No. 44546.

*Fahlgren & Anderson, James W. Fahlgren, Schroeppel & Lilja,* and *Thomas P. Lilja,* for appellants.

*Robert A. Nicklaus* and *Dwight J. Leatham,* for respondent.

*Mullin & Millhollin* and *Lee Sinclair,* for National Farmers Organization, amicus curiae, favoring reversal.

*Warren Spannaus,* Attorney General, and *John R. Murphy,* Assistant Attorney General, for the state, amicus curiae, favoring affirmance.

*Robert W. Johnson* and *John R. Krouss,* for County Attorneys Council, amicus curiae, favoring affirmance.

PETERSON, JUSTICE.

The constitutional question presented by this appeal is whether Minn. St. 160.05, if construed to extend public dedication of a road to a width of 4 rods and not simply to the extent of actual use, results in a taking of private property without due process of law. As a substitute for the common-law creation of highways by prescription or adverse use,[1] the statute provides the following method for acquisition of highways by adverse public use (Minn. St. 160.05, subd. 1):

"When any road or portion thereof shall have been used and kept in repair and worked for at least six years continuously as a public highway, the same shall be deemed dedicated to the public to the width of two rods on each side of the center line thereof and be and remain, until lawfully vacated, a public highway whether the same has ever been established as a public highway or not; provided, that nothing herein contained shall impair the right, title, or interest of the water department of any city of the first class secured under Special Laws 1885, Chapter 110. This subdivision shall apply to roads and streets except platted streets within cities."

The facts giving rise to the question of the constitutionality of this statute are not complex. Plaintiffs, Mathias S. Schaust and Walter Barfnecht, both own tracts of land in Carver County. Their land abuts a gravel road which has been maintained as a public road for a considerable number of years. The township established its public character pursuant to § 160.05 by proving use and maintenance of the road for the statutory period of 6 years.

In April 1970 the Town Board of Hollywood Township, defendant, resolved to rebuild and improve the road in question. Bids were received for upgrading and sloping about 1 1/2 miles of township road. Easements for backsloping were sought from plaintiffs as adjoining landowners, but both plaintiffs ultimately

---

[1] See, Casner, American Law of Property, Vol. II, § 9.50.

refused to give such easements. Road construction began in May 1970. Shortly thereafter, plaintiffs instituted this action for injunctive relief or damages. Plaintiffs sought to show at trial that the road was initially established as a 2-rod road and that defendant was now taking their land to widen the road.[2] The trial court made no distinct finding on the width of either the improved road or the road before 1970. The trial court, relying on § 160.05, found that the road, acquired by public use, was statutorily dedicated to a width of 4 rods. Since the road improvement "remained within the area of two rods on each side of the center line of the road as it existed before the improvement," the trial court concluded that the land used by defendant was already part of the public highway. It is this statutory basis of decision that frames the constitutional issue.[3]

Defendant contends, and the trial court agreed, that § 160.05 constitutionally provides that any road dedicated by adverse public use is dedicated to a width of 4 rods, regardless of the width of actual usage. Plaintiffs, however, assert that § 160.05 is unconstitutional because no notice is provided when a width greater

---

[2] Plaintiffs also argued on a motion for a new trial that the contractor had trespassed on their property by engaging in construction more than 2 rods beyond the centerline of the existing roadway. The trial court granted plaintiff Schaust a new trial on the question of damages for any such construction.

[3] The present appeal is not the first occasion this case has been before the court. In Schaust v. Town Board of Hollywood Township, 295 Minn. 571, 204 N. W. 2d 646 (1973), we dismissed the appeal on procedural grounds and did not reach the constitutional issue. Judgment in favor of defendant town board, upholding the constitutionality of the statute and vacating a temporary injunction, was subsequently entered by the district court. Plaintiffs now appeal from that judgment. The constitutional issue, having been properly raised by this appeal, was first argued before a three-judge panel of this court. Because of the importance of the issues raised, the appeal was subsequently reargued before the full court. At that time, amicus curiae briefs were filed by the National Farmers Organization in favor of plaintiffs and by the County Attorneys Council and the State of Minnesota in favor of defendant.

than that of actual use is taken and that, as a result, they have been denied property without the due process of law. U. S. Const. Amend. XIV; Minn. Const. art. 1, § 2; Lambert v. California, 355 U. S. 225, 78 S. Ct. 240, 2 L. ed. 2d 228 (1957). This is the first time that the 4-rod provision of § 160.05 has been challenged as being unconstitutional.

As a result of the constitutional provisions cited above, we hold that Minn. St. 160.05 does not authorize a township to widen a road acquired by adverse public use beyond that width actually acquired by such adverse use. Privately owned land cannot become public road by adverse use beyond the portion so used merely by a statutory pronouncement to that effect.

A dedication resulting from adverse public use arises from the fact that such use serves to give the owner notice that, if he means to dispute the rightfulness of the public use, he must assert his right within a statutory period by physical action or suit.[4] The statute provides a statute of limitations, the running of which estops an owner from denying the existence of a public easement.

Public use cannot be said to apply to lands not actually used. There is no reason that an owner should know that he is required to dispute the rightfulness of a nonexistent user. A property owner thus receives no notice as to a public claim on any property in excess of that which has actually been used. Thus, a dedication by public use cannot constitutionally exceed the amount of actual dedication. Accord, Eager v. Mackie, 367 Mich. 148, 136 N. W. 2d 16 (1965); Yonker v. Oceana County Road Comm. 17 Mich.

---

[4] We neither express nor imply an opinion as to whether the dedication-by-use statute (Minn. St. 160.05) requires actual notice as contrasted with constructive notice. See, generally, Mullane v. Central Hanover Bank & Trust Co. 339 U. S. 306, 70 S. Ct. 652, 94 L. ed. 865 (1950); Walker v. City of Hutchinson, 352 U. S. 112, 77 S. Ct. 200, 1 L. ed. 2d 178 (1956). There is no contention in the instant case that plaintiffs lacked actual notice of the adverse use to the actual extent of such use.

App. 436, 169 N. W. 2d 669 (1969); State v. Portmann, 149 Mont. 91, 423 P. 2d 56 (1967).

As a result, § 160.05 may operate to dedicate a road by public use only to the extent of actual use over the statutory period. The boundary of a public highway acquired by public use is a question of fact to be determined by the appropriate finder of fact. Arndt v. Thomas, 93 Minn. 1, 100 N. W. 378 (1904); Schrack v. County of Hennepin, 146 Minn. 171, 178 N. W. 484 (1920). The width of the prescriptive easement, however, is not limited to that portion of the road actually traveled; it may include the shoulders and ditches that are needed and have actually been used to support and maintain the traveled portion. Grenell v. Scott, 134 So. 2d 866 (Fla. App. 1961); Whitehead v. Mississippi State Highway Comm. 254 So. 2d 357 (Miss. 1971); Platt v. Ingham County Road Comm. 40 Mich. App. 438, 198 N. W. 2d 893 (1972).

While our decision today will limit the dedication of public roads by adverse public use to the actual extent of such use, it will not prevent governmental bodies from upgrading, widening, or improving public ways. A governmental body may always accomplish such goals by the process of eminent domain. Eminent domain proceedings, however, effectively provide private landowners with notice, due process of law, and the opportunity to secure just and fair compensation in return for the property taken.

Accordingly, the decision of the trial court is reversed and this matter is remanded for proceedings consistent with this opinion.

Reversed and remanded.