In re Special Assessment for Water Main Extension in the VILLAGE OF BYRON through the Lange Property from the Existing Crossing of State Trunk Highway No. 14 to County Highway No. 34.

Frank LANGE, Appellant,

v.

CITY OF BYRON, Respondent.

No. 46513.

Supreme Court of Minnesota.

May 6, 1977.

West, Gowan, DeBoer & McIntosh and John S. Gowan, Rochester, for appellant.

Brown, Bins & Klampe and Richard H. Bins, Rochester, for respondent.

KELLY, Justice.

Appellant, Frank Lange, appeals from summary judgment in Olmsted County District Court, precluding him from contesting the validity of a reassessment for a water line. We affirm.

Appellant owns an 80-acre tract of farm land, the northern edge of which lies within the corporate limits of respondent, the city of Byron. In 1973, the city extended a water line across the northern end of appellant's land and assessed his property $9,263. Appellant appealed to the district court and the assessment was set aside on the ground that it did not bear a reasonable relationship to the benefit conferred on the assessed property by the water line. The court found as part of its findings of fact:

> " * * * The 4.6 acres in question was increased in value by virtue of the water main between $1000.00 an acre (appellant's expert) and $1,800.00 an acre (respondent's expert) with $1,400.00 being the average benefit per acre of the new water main. Thus a benefit of $6,440.00 was realized to the property which it was assessed $9,263.00."

Pursuant to Minn.St. 429.071, subd. 2,[1] the city reassessed the property for $6,500. Ap-

---

1. Minn.St. 429.071, subd. 2, provides: "When an assessment is, for any reason whatever, set aside by a court of competent jurisdiction as to any parcel or parcels of land, or in event the council finds that the assessment or any part thereof is excessive or determines on advice of the municipal attorney that the assessment or proposed assessment or any part thereof is or

pellant again appealed to the district court, arguing that the land subject to the reassessment contained 2.13 acres, not 4.6 acres, and that it was insufficiently described in the notice of reassessment. The district court granted summary judgment for respondent, ruling that the earlier judgment, through application of the doctrine of collateral estoppel, precluded appellant from relitigating these issues.

■ The doctrine of collateral estoppel precludes parties to an action from relitigating in subsequent actions issues that were determined in the prior action. *Shimp v. Sederstrom,* 305 Minn. 267, 270, 233 N.W.2d 292, 294 (1975). Collateral estoppel is applicable only when the party asserting the doctrine establishes that the issue was actually presented and necessarily determined in the earlier action. *Brooks Realty, Inc. v. Aetna Insurance Co.* 268 Minn. 122, 128 N.W.2d 151 (1964); *Anderson v. Mikel Drilling Co.,* 257 Minn. 487, 491, 102 N.W.2d 293, 297 (1960).

■ Although some confusion exists concerning the evidence introduced at the first appeal with respect to the acreage of appellant's land within the city,[2] it is clear that the issue was litigated. Appellant concedes as much in his brief. Moreover, the issue seems necessarily to have been determined by the findings of fact in the first appeal. Both appellant's and respondent's experts, in evaluating the market value of the Lange property before and after the improvement to measure the benefit conferred, *In re Appeals by Am. Oil Co. v. City of St. Cloud,* 295 Minn. 428, 206 N.W.2d 31 (1973), used per-acre comparisons with neighboring and similarly situated land. It is evident from the court's finding of fact quoted above that the court averaged the two valuations and multiplied the average by the number of acres it found were within the city. The resulting figure ($6,440) was considerably lower than the assessment ($9,263). Since the value conferred on appellant's property by the installation of the water main thus computed varies with the number of acres assessed, the reasonableness of the assessment also varies with the acreage of the assessed property. Consequently, the number of acres of appellant's property subject to assessment was a necessary factor in the trial court's conclusion of law that the assessment did not bear a reasonable relationship to the benefits conferred by the improvement. Therefore, the doctrine of collateral estoppel is applicable to preclude relitigation of this issue.

Appellant asserts, however, (1) that it was doubtful he could have appealed since he was the prevailing party and (2) that it was possible the error could have been remedied by the city council during reassessment, and therefore he had no incentive to seek relief. The latter assertion seems untenable. It was reasonable to expect that the city council would reassess appellant's property consistently with the district court's findings—which in fact it did. Thus appellant had little reason to think the alleged error would have been corrected during reassessment.

■ Appellant's first contention has greater merit. Generally a prevailing party who is thereby precluded from appealing, (see, *Twin Cities Metro. Pub. Transit Area v. Holter,* Minn., 249 N.W.2d 458 [1977]; *Fidelity-Philadelphia Trust Co. v. Brown,* 181 Minn. 466, 233 N.W. 10 [1930]) is not bound by collateral estoppel with respect to those issues adjudicated adversely to his position. 1B Moore, Federal Practice (2

may be invalid for any reason, the council may, upon notice and hearing as provided for the original assessment, make a reassessment or a new assessment as to such parcel or parcels."

2. Contrary to the statement in the trial judge's memorandum accompanying his order for summary judgment that both experts testified on the assumption that 4.6 acres were involved, respondent's memorandum in the first appeal suggests that appellant's expert erroneously based his valuation on 4.6 acres, while respondent's expert used approximately 3 acres. Moreover, appellant's expert testified that appellant told him 2.6 acres lay within the city and that the tax statement listed 4.6 acres. Appellant's expert himself testified that 4.1 acres "[m]ore or less" were within the city limits.

ed.), § 0.416[1], p. 2203. Two considerations underlie this rule. 1B Moore, Federal Practice (2 ed.), § 0.416[5], p. 2302. First, the issue decided adversely to the prevailing party is not a dispositive adjudication, it is either moot or immaterial, and hence unnecessary to the judgment. See, e. g., *Commonwealth Insurance Co. v. Pierro,* 6 Minn. 569 (Gil. 404) (1861); Restatement, Judgments, § 69(2). Second, it would be unjust to estop a prevailing party from relitigating an issue adjudicated adversely to him, while a losing party may seek appellate review of those issues decided against him. The first consideration is inapplicable to the instant case since the number of acres was a necessary finding in the invalidation of the initial assessment. The injustice of estopping appellant is also mitigated here. Appellant might have sought to rectify the alleged error through a motion to amend the court's findings pursuant to Rule 52.02, Rules of Civil Procedure.[3] See, *Arndt v. Thomas,* 90 Minn. 355, 96 N.W. 1125 (1903). Therefore, even if appellant could not have appealed from the first judgment, the doctrine of collateral estoppel precludes him from challenging the validity of the reassessment on this ground.

■ Appellant further contends that the reassessment should be set aside because the notice of reassessment, given pursuant to Minn.St. 429.071, subd. 2 (quoted in footnote 1, *supra*), did not properly apprise him of the land subject to the reassessment. The reassessment notice was in relevant part identical to the notice given by the city for the original assessment. In apparent reliance on this fact, the district court held that collateral estoppel also barred appellant from contesting the sufficiency of the contents of the reassessment notice. We agree that this issue, which was necessarily

determined in the first appeal to the district court, cannot be relitigated.

Affirmed.

---

**3.** Rule 52.02, Rules of Civil Procedure, provides: "Upon motion of a party made not later than the time allowed for a motion for a new trial pursuant to Rule 59.03, the court may amend its findings or make additional findings, and may amend the judgment accordingly if judgment has been entered. The motion may be made with a motion for a new trial and may be made on the files, exhibits, and minutes of the court. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment."