**Howard R. ALTON, Jr., Respondent,**

v.

**WABEDO TOWNSHIP, Appellant.**

**No. C1–94–695.**

Court of Appeals of Minnesota.

Nov. 29, 1994.

Victor H. Smith, Smith Law Office, Walker, for respondent.

Jana Austad, Kief, Fuller, Baer, Wallner & Rodgers, Ltd., Bemidji, for appellant.

Troy J. Gilchrist, John P. Dooley, St. Michael, for amicus curiae Minnesota Ass'n of Townships.

Considered and decided by DAVIES, P.J., and SCHUMACHER and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Respondent Howard R. Alton, Jr. initiated this action to prevent appellant, Wabedo Township (township), from clearing brush and trees for eight feet back from the surface of a road adjacent to his property. The district court granted Alton summary judgment and issued a permanent injunction preventing the township from clearing the brush and trees. The court concluded that the method for recording town roads in Minn. Stat. § 164.35, subd. 4 (1992) is unconstitutional since it was a taking without compensation. We affirm.

## FACTS

Alton owns land abutting Wabedo Township Road G, also known as Sarajac Road. At all relevant times, the township has had a prescriptive easement over Sarajac Road through use of the travelled surface of the roadway plus additional footage, if any, used for plowing snow. The actual width of the easement is not agreed upon by the parties,

although they do agree the width is less than eight feet on each side of the road.

In 1986, the township compiled a map of the roadways within its jurisdiction pursuant to Minn.Stat. § 164.35. The map included Sarajac Road which was described as a "66' wide right-of-way easement." Alton received actual notice from the township indicating its intention to record a 66–foot wide easement over Sarajac Road. Following a public hearing, the township adopted the map and the map was recorded with the county recorder's office. The township has followed all required procedures under Minnesota law (or Alton has waived any defect in procedure).

Alton did not appeal from the township's decision to adopt and record its road map. It has been more than six years since Alton received written notice of the township's intent to declare a 66–foot wide easement across Sarajac road and since the township recorded its map indicating the easement.

Alton did not receive any compensation from the township. Additionally, Wabedo Township has never maintained an eminent domain proceeding to acquire ownership of Sarajac Road.

In 1992, the township accepted a quote for clearing brush and trees for eight feet beyond each side of the surface of Sarajac Road. Alton received actual notice from the township of a hearing at which the public would be allowed to comment. At the meeting, the township decided to go forward with the clearing of brush and trees. The township sent a notice to Alton stating its intent and notifying him when the work would begin.

On October 28, 1992, the township began clearing brush and trees along Sarajac Road. The next day, Alton brought a Notice of Appeal of the township's determination to clear brush and trees for eight feet on either side of Sarajac Road. The district court issued an ex parte temporary restraining order preventing the clearing and, after the parties' stipulation of facts, continued the TRO in effect.

The matter ultimately came before the district court on cross-motions for summary judgment based on the stipulated facts. The court issued an order granting Alton summary judgment and a permanent injunction preventing the clearing of brush and trees. The district court concluded that Minn.Stat. § 164.35, subd. 4 is unconstitutional on its face. The court reasoned that the provision allows the government to take property without eminent domain proceedings and without compensation to the landowner in violation the takings clause of the Minnesota Constitution. This appeal followed.[1]

## ISSUE

Did the district court err in determining that the map recording procedure in Minn. Stat. § 164.35, subd. 4 results in an unconstitutional taking of private property?

## ANALYSIS

■ The interpretation of a statute is a question of law. *In re Blilie*, 494 N.W.2d 877, 881 (Minn.1993). Accordingly, this court is not bound by the district court's conclusion. *Id.*

■ Minnesota statutes are presumed constitutional. *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989). Our power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary. *See id.* The party challenging a statute has the burden of demonstrating beyond a reasonable doubt a violation of some provision of the Constitution. *Id.*

The United States Constitution provides:

No person shall * * * be deprived of * * * property, without due process of law; nor shall private property be taken for public use without just compensation.

U.S. Const. amend. V.

The takings clause of the Minnesota Constitution provides:

1. Where the state is not a party and the case involves the constitutionality of a statute in an appellate proceeding, the Attorney General must be notified and be afforded an opportunity to intervene. Minn.R.Civ.App.P. 144. In the present case, the Attorney General was notified but declined to intervene.

Private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured.

Minn. Const. art. I, § 13. Additionally, the Minnesota Constitution provides:

No person shall be * * * deprived of * * * property without due process of law.

Minn. Const. art. I, § 7.

■ The basic requirements of the due process clause are notice and an opportunity for a hearing. *Omdahl v. Hadler,* 459 N.W.2d 355, 360 (Minn.App.1990). The leading Minnesota case dealing with due process rights as they relate to the government's acquisition of a road right-of-way is *Barfnecht v. Town Bd. of Hollywood Township,* 304 Minn. 505, 232 N.W.2d 420 (1975). The *Barfnecht* decision discussed the constitutionality of the road dedication statute set forth in Minn.Stat. § 160.05, subd. 1, which provided in relevant part:

When any road or portion thereof shall have been used and kept in repair and worked for at least six years continuously as a public highway, the same shall be deemed *dedicated to the public to the width of two rods [33 feet] on each side of the center line* thereof and be and remain, until lawfully vacated, a public highway whether the same has ever been established as a public highway or not.

*Id.* at 506, 232 N.W.2d at 422 (emphasis added).

The Minnesota Supreme Court held that section 160.05, subdivision 1

if construed to extend public dedication of a road by public use *to a width greater than that of actual public use,* results in an unconstitutional taking of private property without due process of law.

*Id.* at 505, 232 N.W.2d at 421 (emphasis added).[2]

The supreme court determined that privately owned land cannot, merely by a statutory announcement to that effect, become a public road by adverse use beyond the portion used. *Id.* at 508, 232 N.W.2d at 423.

The court reasoned that a property owner receives no notice regarding a public claim on any property in excess of that which has actually been used, and thus a dedication by public use cannot constitutionally exceed the amount of actual dedication. *Id.*

At issue in the present case is the procedure set forth in Minn.Stat. § 164.35, subd. 4 for recording a town road which was adopted to cure the notice defect noted in *Barfnecht.* Subdivision 4 provides in part:

(a) The town board shall pass a resolution of its intent to hold a public hearing to consider recording roads by adopting an official map.

(b) The town board must prepare an official map as provided in subdivision 3, and set a time, place, and date for a public hearing on adopting a recorded town road map to record roads.

(c) The hearing notice must state that the roads to be recorded will be as *four rod* [66 feet] roads with the official and permanent alignment being 33 feet on either side of the existing center line * * *. The hearing notice must be published once a week for two successive weeks in a qualified newspaper of general circulation that serves the town, the last publication to be made at least ten days before the date of the public hearing. At least 30 days before the hearing, the hearing notice must be sent by mail to the property owners directly affected * * *.

(d) After the public hearing is held, the town board may amend and adopt the recorded town road map. The recorded town road map must be adopted by resolution and the map must be dated and signed by the chair and clerk of the town board and must be recorded with the county recorder within 90 days after the map is adopted.

(Emphasis added.)

The parties agree that the township followed all of the procedural requirements in subdivision 4. Thus, pursuant to the statute, Sarajac Road is deemed to be four rods or 66

---

**2.** Minn.Stat. § 160.05, subd. 1 has since been amended by the legislature to provide that when a road has been used for six years continuously, it shall be dedicated to the public "to the width of the actual use." 1982 Minn.Laws ch. 424, § 40.

feet wide. The issue is whether the mandated 66–foot road is an unconstitutional taking of private property.

The township argues that the *Barfnecht* decision is inapplicable to the present case because Alton had actual notice of its intended 66–foot taking. We agree that the precise due process violations noted in *Barfnecht* are not present in this case because Alton had notice that the township intended to create a 66–foot easement and had the opportunity for a hearing. Nevertheless, Minn.Stat. § 164.35, subd. 4, does not provide a mechanism for compensation. Thus, to give effect to the statute would result in an uncompensated, and therefore unconstitutional, taking of private property. *See* Minn. Const. art. I, § 13 ("Private property shall not be taken * * * for public use without just compensation therefor.")

What if the statute provided that roads should be ten rods wide? Such a statute would not be constitutionally sound merely because the government provided notice of its intended taking—the width of a road must have a reasonable basis in use. *See Barfnecht,* 304 Minn. at 508, 232 N.W.2d at 423.

■ Therefore, we conclude that Minn. Stat. § 164.35, subd. 4, to the extent it requires the recording of town roads to a width greater than that of actual public use, and dedication to that width, is unconstitutional because it allows the government to take a person's private property in violation of the takings clause, article I, section 13, of the Minnesota Constitution.

■ The width of an easement over a road is a question of fact to be determined by the appropriate finder of fact. *Barfnecht,* 304 Minn. at 509, 232 N.W.2d at 423. The width of the easement, however, is not limited to that portion of the road actually traveled; it may include the shoulders and ditches that are needed, and which have actually been used to support and maintain the travelled portion. *Id.*

We note that our decision does not prevent townships or other governmental bodies from clearing brush and trees beyond the road surface or otherwise upgrading or improving public roads. As the court in *Barfnecht* stated:

> A governmental body may always accomplish such goals by the process of eminent domain. Eminent domain proceedings, however, effectively provide private landowners with notice, due process of law, and the *opportunity to secure just and fair compensation* in return for the property taken.

*Id.* at 509, 232 N.W.2d at 424 (emphasis added).

Since we affirm the district court's decision that the map recording procedure in Minn. Stat. § 164.35, subd. 4 is unconstitutional, we do not decide whether the 30–day appeal period in subdivision 7 must expire before a township can begin its clearing activities.[3]

### DECISION

The district court correctly determined that the map recording procedure in Minn. Stat. § 164.35, subd. 4 results in an unconstitutional taking of private property.

**Affirmed.**

---

**3.** Alton's action could arguably be barred by the doctrine of laches. The parties agreed, however, to waive the issue of laches on appeal. Therefore, our decision does not contemplate whether Alton's action would be time barred.