Cheryl ELLERMAN, Plaintiff-Appellant,

v.

CITY OF MANITOWOC and Blue Cross & Blue Shield United of Wisconsin, Defendants-Respondents.

Court of Appeals

*No. 03–0322. Submitted on briefs August 14, 2003.—
Decided September 24, 2003.*

2003 WI App 216

(Also reported in 671 N.W.2d 366.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Ralph J. Sczygelski* of *Sczygelski Law Firm, LLC* of Manitowoc.

On behalf of the defendant-respondent City of Manitowoc, the cause was submitted on the brief of *Christopher R. Bandt* of *Nash, Spindler, Grimstad & McCracken LLP* of Manitowoc.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. BROWN, J.   The sole issue in this appeal, an issue of first impression in Wisconsin, is whether a public parking lot is a "highway" within the meaning of WIS. STAT. § 81.15 (2001–02)—the limited immunity statute for maintenance of highways.[1] If so, the City of Manitowoc is immunized from liability for injuries Cheryl Ellerman suffered as a result of a slip and fall in a parking lot alleged to be owned, maintained, monitored and repaired by the City. We hold that the term "highway" encompasses a public parking lot and, therefore, the City is entitled to immunity pursuant to § 81.15. Accordingly, we affirm the circuit court's final order granting summary judgment to the City and dismissing Ellerman's complaint.

¶ 2.   The facts relevant to this appeal are brief. On April 18, 2002, Ellerman filed a complaint against the City alleging that on March 8, 2001, she slipped and fell on a patch of ice in a parking lot alleged to be owned, maintained, monitored and repaired by the City. As a result of her fall, Ellerman suffered a severely broken

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

ankle that required medical treatment. In its answer, the City denied negligence and argued that Wɪs. Sᴛᴀᴛ. § 81.15 barred Ellerman's claim.

¶ 3. In her September 2002 deposition, Ellerman testified that on the night of March 8, 2001, she had parked her vehicle and was walking across the parking lot when she fell. Ellerman further testified that it had snowed either the night before or early in the morning of March 8th. Ellerman recalled that it had lightly snowed and there was not any heavy accumulation. She could not recall the last time there was snow accumulation prior to the incident.

¶ 4. Ellerman testified that the parking lot had some icy patches and that she had never seen the ice that she slipped on. She stated that she had fallen on a piece of ice that was approximately the size of a manhole cover. Ellerman testified that she had walked the same route the prior two mornings and did not notice any ice in her walking path. Ellerman did not know how long the ice that she slipped on had been there.

¶ 5. Based on Ellerman's deposition testimony, the City filed a motion for summary judgment, alleging that Wɪs. Sᴛᴀᴛ. § 81.15 provided it with immunity. In its brief supporting summary judgment, the City argued that "the parking lot in which [Ellerman] slipped and fell is considered a 'highway' for the purposes of Wɪs. Sᴛᴀᴛ. § 81.15" and that "the ice that existed on the parking lot did not exist for a 'continuous' period of three weeks." The circuit court agreed and granted summary judgment. Ellerman appeals.

■■■■

¶ 6. "In reviewing a grant of summary judgment, this court applies the same standards as the trial court. A motion for summary judgment should be granted if

there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Thompson v. Threshermen's Mut. Ins. Co.*, 172 Wis. 2d 275, 280, 493 N.W.2d 734 (Ct. App. 1992). However, "summary judgment is not appropriate if there is a material issue of fact or if different inferences may be drawn from the facts." *Kohl v. F.J.A. Christiansen Roofing Co.*, 95 Wis. 2d 27, 32, 289 N.W.2d 329 (Ct. App. 1980). Whether a governmental entity is entitled to immunity pursuant to. WIS. STAT. § 81.15 under summary judgment submissions presents a question of law subject to de novo review. *Henderson v. Milwaukee County*, 198 Wis. 2d 747, 750, 543 N.W.2d 544 (Ct. App. 1995).

■

¶ 7. As we have indicated, Ellerman raises one issue on appeal: whether governmental immunity pursuant to WIS. STAT. § 81.15 applies to municipally maintained parking lots. Section 81.15 provides:

> **Damages caused by highway defects; liability of town and county.** If damages happen to any person or his or her property by reason of the insufficiency or want of repairs of any *highway* which any town, city or village is bound to keep in repair, the person sustaining the damages has a right to recover the damages from the town, city or village . . . . No action may be maintained to recover damages for injuries sustained by reason of an accumulation of snow or ice upon any bridge or *highway,* unless the accumulation existed for 3 weeks. (Emphasis added.)

The express language of § 81.15 immunizes the City from liability that otherwise might result from the accumulation of ice on "bridges" or "highways." Case law has extended the definition of "highway" to include roads, streets, bridges, sidewalks, driveway aprons and

shoulders of the highway. *See Wheeler v. Town of Westport*, 30 Wis. 392, 394, 396–97 (1872) (road as a highway); *Byington v. City of Merrill*, 112 Wis. 211, 215, 88 N.W. 26 (1901) (street as a highway); *Leannah v. City of Green Bay*, 180 Wis. 84, 85, 89, 192 N.W. 388 (1923) (bridge as a highway); *Webster v. Klug & Smith*, 81 Wis. 2d 334, 339, 260 N.W.2d 686 (1978) (sidewalk as a highway); *Damaschke v. City of Racine*, 150 Wis. 2d 279, 280, 283–84, 441 N.W.2d 332 (Ct. App. 1989) (driveway apron as a highway); *Morris v. Juneau County*, 219 Wis. 2d 543, 546, 579 N.W.2d 690 (1998) (shoulder of the highway included in highway). While these cases certainly provide guidance for interpreting the type of structures for which municipalities are provided immunity under § 81.15, none of the cases specifically address whether the term "highway" encompasses municipally maintained parking lots.

¶ 8. We begin our analysis by setting forth the appropriate definition for the term "highway." In *Morris,* our supreme court held that the definition of "highway" in WIS. STAT. § 340.01(22) applies to WIS. STAT. § 81.15. *Morris*, 219 Wis. 2d at 562. Section 340.01 provides the definitions for all words and phrases used in the statutory provisions relating to motor vehicles. Section 340.01(22) defines "highway" as "all public ways and thoroughfares and bridges on the same. It includes the entire width between the boundary lines of every way open to the use of the public as a matter of right for the purposes of vehicular travel." Having set forth the appropriate definition, we now turn to a case in which our supreme court grappled with the application of a similar statutory definition to a private parking lot.

¶ 9. In *City of Kenosha v. Phillips*, 142 Wis. 2d 549, 557, 560, 419 N.W.2d 236 (1988), an operating while intoxicated case, the supreme court considered a

privately owned parking lot to be outside the enforce-
ment capability of the police for the purposes of Wis.
STAT. § 346.61 because the lot was not "held out to the
public." Section 346.61 provides:

> **Applicability of sections relating to reckless and
> drunken driving.** In addition to being applicable
> upon highways [as defined in Wis. STAT. § 340.01(22)],
> ss. 346.62 to 346.64 are applicable upon all premises
> *held out to the public* for use of their motor vehicles . . . .
> (Emphasis added.)

In determining whether the lot was "held out to the
public," the supreme court stated that the test was
whether the person in control of the lot intended it to be
available to the public for use of their motor vehicles.
*Phillips*, 142 Wis. 2d at 557. The court then resorted to
the RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE
1562 (2d ed. 1987) to define "public" as "of, pertaining
to, or affecting a population or a community as a whole."
*Phillips*, 142 Wis. 2d at 557. The court concluded that
because the privately owned lot was designated for use
by employees of the lot owner and the employees
constituted a "defined limited portion of the citizenry,"
rather than the population or community as a whole,
the lot was not "held out to the public." *Id*.

■■

¶ 10.   While we acknowledge that *Phillips* in-
volves a different statute, we find the case instructive.
We can discern no difference between the phrase "held
out to the public" and "open to the use of the public."
The term "open" as it is used in Wis. STAT. § 340.01(22)
is not defined in the statutes and its ordinary meaning
as ascertained from a standard dictionary applies.
"Open" is defined as "without restrictions as to who may
participate." THE RANDOM HOUSE DICTIONARY OF THE EN-

GLISH LANGUAGE 1356 (2d ed. 1987). As this definition indicates, an area is "open" if it is intended to be freely accessible and available. As *Phillips* teaches, the word "public" means "of, pertaining to, or affecting a population or a community as a whole." *Phillips*, 142 Wis. 2d at 557. Accordingly, we are convinced a "highway" is an area that the entire community has free access to travel on. The public parking lot here, unlike the privately owned restricted parking lot at issue in *Phillips*, is available to the entire community for vehicular travel. Based on this analysis, the City's public parking lot is a "highway" as we have interpreted that term for the purposes of WIS. STAT. § 81.15.

¶ 11. Ellerman contends that we should not rely on WIS. STAT. § 340.01(22), but instead should look to WIS. STAT. § 84.60(1)(b), the statute pertaining to the establishment of bikeways, or WIS. STAT. § 943.01(2)(a), the statute governing crimes against property, for a definition of "highway." We find this argument perplexing given the supreme court's clear mandate in *Morris* that courts are to use § 340.01(22) to guide their interpretation of WIS. STAT. § 81.15. *See Morris*, 219 Wis. 2d at 561–62 (observing that reliance on the definition of "highway" in § 340.01(22) was consistent with the court's construction of the term as used in § 81.15 for over 120 years). We therefore reject Ellerman's argument.

¶ 12. Ellerman next argues that even if we apply WIS. STAT. § 340.01(22), the trend in Wisconsin law is to strictly construe WIS. STAT. § 81.15 and therefore we should interpret § 340.01(22) so as to exclude public parking lots. Ellerman appears to assert that strict construction is warranted because our supreme court abolished common law governmental immunity in *Holytz v. City of Milwaukee*, 17 Wis. 2d 26, 29, 115 N.W.2d

618 (1962). Therefore, adherence to *Holytz* mandates that we not extend the definition of "highway" to include a public parking lot. Ellerman is simply wrong.

¶ 13.    Governmental entities have a nondelegable duty to maintain certain structures traveled on by the public, including highways and their appurtenances. The purpose of WIS. STAT. § 81.15 is to prevent an "unreasonable and unmanageable" burden from being imposed upon municipalities with regard to winter clean up of those structures. *See Sanem v. Home Ins. Co.*, 119 Wis. 2d 530, 540, 350 N.W.2d 89 (1984). In recognition of limited governmental resources and harsh Wisconsin winters, the legislature has provided municipalities with immunity from their nondelegable duty to maintain "highways" and "bridges" for up to three weeks. Thus, § 81.15 is an attempt to strike a balance between the expectations of the public that the government will provide for the upkeep of such structures and the economic infeasibility of requiring municipalities to act as insurers every time snow falls and ice forms.

¶ 14.    In keeping with this legislative intent to create a balance between public expectations, the nature of Wisconsin winters and the limited financial resources of governmental entities, as early as 1872, the supreme court determined that WIS. STAT. § 81.15 applied not only to the traveled part of the highway but also to the area "so connected with [the highway] as to affect the safety or convenience of those using the traveled path." *Wheeler*, 30 Wis. at 403 (emphasis omitted); *see also Morris*, 219 Wis. 2d at 561. Courts have continued to uphold this public policy over the years by concluding that governmental entities are entitled to immunity pursuant to § 81.15 for sidewalks,

*Webster*, 81 Wis. 2d at 339; shoulders of the highway, *Morris*, 219 Wis. 2d at 546; and for roadways, *Wheeler*, 30 Wis. at 394, 396–97.

¶ 15.   Parking lots serve dual purposes—they are mixed-use facilities, serving both pedestrian and vehicular traffic. A parking lot serves not only as a place to park, but also as a roadway to allow vehicular traffic to drive upon and park. It also serves as a sidewalk in the sense that once the vehicle is parked the individual becomes a pedestrian. The public expects its taxes to be used to upkeep and maintain public parking lots in the same manner as it would expect sidewalks, shoulders of the highway and roadways to be maintained. We are therefore convinced that public policy supports providing governmental entities with the three-week window to complete the task of cleaning up natural accumulations of snow in a public parking lot.

¶ 16.   Ellerman also cites to *Henderson* as evidence of the trend that the court has strictly construed Wis. Stat. § 81.15. Ellerman's interpretation of *Henderson* is flawed.

¶ 17.   The issue in *Henderson* was whether Wis. Stat. § 81.15 applied to a stairway connecting two sidewalks. *Henderson*, 198 Wis. 2d at 750–51. There, an inmate sued Milwaukee County as a result of injuries sustained when the inmate fell while going down a concrete stairway connecting sidewalks located on the grounds of the Milwaukee County House of Correction. *Id.* at 749. The concrete steps were located in between two sidewalks that lead to two buildings on the grounds. *Id.*

¶ 18.   While we acknowledged that Wis. Stat. § 81.15 applied to sidewalks, we concluded that it did not apply to a stairway connecting two sidewalks. *Henderson*, 198 Wis. 2d at 749–52. We reached this

conclusion not because we determined that § 81.15 must be given a narrow construction, as Ellerman would have us believe, but rather because a stairway connecting two sidewalks that are not used "for the purposes of vehicular travel" simply is not in any way connected to a highway or its appurtenances. *See Wheeler*, 30 Wis. at 403 (concluding that the governmental entity was not responsible for an injury sustained as a result of an obstruction not so connected with the traveled part of a highway "so as to affect the safety or convenience of those using the traveled path"); Wis. Stat. § 340.01(22). A public parking lot, on the other hand, functions as both a roadway and a sidewalk, serving both pedestrian and vehicular traffic. We therefore reject Ellerman's contention that *Henderson* is in some way relevant. We affirm.

*By the Court.*—Judgment affirmed.