VILLAGE OF BROWN DEER, Plaintiff-Respondent,

v.

Leland P. BALISTERRI, Gerald Brickner, Marie
Brickner, Thomas J. Daugherty, Charlene M.
Harmon, Marvin E. Kaiser, Vivian Kaiser, Russell
Kotlarek, Anthony T. Reno and Julie L. Reno,
Defendants-Appellants,†

Jeffrey D. BURG, Kelly A. Burg, David H. Ehlers,
Karen V. Krolikowski, Casey Reno, Joann Reno,
William B. Spransy and Angela M. Spransy,
Defendants.

Court of Appeals

*No. 2013AP748. Submitted on briefs October 8, 2013.
—Decided October 29, 2013.*

2013 WI App 137

(Also reported in 841 N.W.2d 59.)

† Petition for Review denied February 19, 2014.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Hugh R. Braun* and *Nicholas R. DiUlio* of *Godfrey, Braun & Frazier, LLP*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Alan Marcuvitz* and *Andrea H. Roschke* of *Michael, Best & Friedrich, LLP*, Milwaukee.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J. This appeal concerns the Village of Brown Deer's street-improvement plan for part of the Village. As material to this appeal, Brown Deer contended that it could improve the streets at issue, without paying eminent-domain compensation because, the Village asserted, the projected improvements were

on public highways within the purview of WIS. STAT. § 82.31(2)(a). In a series of orders culminating in a judgment, the trial court agreed with the Village. Some of the affected Brown Deer residents appeal, contending that: (1) the trial court erroneously interpreted § 82.31(2)(a), and, moreover, (2) the statute is unconstitutional. We affirm.

## I.

¶ 2. WISCONSIN STAT. § 82.31(2)(a) reads: "UNRECORDED HIGHWAYS. (a) Except as provided in pars. (b) and (c), any unrecorded highway that has been worked as a public highway for 10 years or more is a public highway and is presumed to be 66 feet wide." Subsections (b) and (c) are not material to this appeal. The parties agree that:

- The streets at issue are "unrecorded."
- They have "been worked as a public highway for 10 years or more."

¶ 3. Unless otherwise specified by a statute employing a presumption, state-court presumptions in Wisconsin are governed by WIS. STAT. RULE 903.01:

> Except as provided by statute, a presumption recognized at common law or created by statute, including statutory provisions that certain basic facts are prima facie evidence of other facts, imposes on the party relying on the presumption the burden of proving the basic facts, but once the basic facts are found to exist the presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence.

Thus, once the basic facts have been shown, the presumption requires the party objecting to the result to be

imposed by the presumption to prove "that the nonexistence of the presumed fact is more probable than its existence." *See id.*

¶ 4. Here, the basic facts underlying the WIS. STAT. § 82.31(2)(a) presumption are that the streets are both "unrecorded" and have "been worked as a public highway for 10 years or more." As noted, the parties do not dispute these "basic facts." Thus, the presumption that the streets are "66 feet wide" governs unless rebutted by those contending that the streets are some other width. Thus, the Residents had the burden of rebutting the sixty-six-foot-wide presumption by a preponderance of the evidence. *See also Affeldt v. Green Lake County,* 2011 WI 56, ¶ 45, 335 Wis. 2d 104, 123, 803 N.W.2d 56, 65 (Property owners have the burden to rebut the presumption.) (discussing both WIS. STAT. § 82.31(1) & (2)(a)).[1] Thus, the Residents' assertion in their reply brief on this appeal that "Brown Deer had the burden of proof in this action" is wrong.

¶ 5. The trial court held that the sixty-six-foot-wide presumption was rebutted in connection with three of the properties on one street, and Brown Deer does not dispute that finding. Brown Deer also does not dispute the trial court's finding that the width of another street in the Village "is 60 feet[,]" and the Residents do not claim that this sixty-foot-width find-

---

[1] WISCONSIN STAT. § 82.31(1) concerns "recorded" highways. It reads:

> Any recorded highway that has been laid out under this chapter is a legal highway only to the extent that it has been opened and worked for 3 years. Any laid out highway that has not been fully and sufficiently described or recorded or for which the records have been lost or destroyed is presumed to be 66 feet wide.

ing is at issue on this appeal. They contend that (1) the rebuttal of the sixty-six-foot-wide presumption in connection with the three properties extends the rebuttal to the entire street; and (2) the term "public highway" in § 82.31(2)(a) refers to vehicular use only. As already noted, the Residents also argue that the statute is unconstitutional.

¶ 6. We review *de novo* whether the trial court correctly interpreted WIS. STAT. § 82.31(2)(a), and whether the statute is constitutional. *See State v. Turnpaugh*, 2007 WI App 222, ¶ 2, 305 Wis. 2d 722, 725, 741 N.W.2d 488, 490 (statutory interpretation); *State v. Ransdell*, 2001 WI App 202, ¶ 5, 247 Wis. 2d 613, 620, 634 N.W.2d 871, 874 (constitutionality). "A person contending that a statute is unconstitutional has a heavy burden; he or she must establish beyond a reasonable doubt that the statute is constitutionally infirm, and we are required to give to the statute every reasonable presumption in favor of its validity." *Id.*, 2001 WI App 202, ¶ 5, 247 Wis. 2d at 619–620, 634 N.W.2d at 874. The trial court's findings of fact are conclusive on us unless they are "clearly erroneous." *See* WIS. STAT. RULE 805.17(2). We analyze the constitutional issue last because a statute's constitutionality often depends on its implementation, and we should not consider constitutional challenges unless necessary. *See Kollasch v. Adamany*, 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51 (1981) ("As a matter of judicial prudence, a court should not decide the constitutionality of a statute unless it is essential to the determination of the case before it.").

## II.

*A. Consequence of rebuttal of the sixty-six-foot-wide presumption in connection with the three properties.*

██

¶ 7. As we have seen, the trial court determined that the sixty-six-foot-wide presumption was rebutted in connection with three properties on one street. The trial court found that Brown Deer and the public used the sixty-six-foot swath on that street except in connection with the three properties' encroaching structures:

> So how much use has the Village and public made of this 66–foot corridor? I'm persuaded they made use of all of it except for the portions where these three buildings encroached.
>
> . . . .
>
> I'm satisfied, therefore, that the evidence in this case shows that the users, that is the public and Village, have made use of the entire 66–foot corridor except where the three building[s] encroached.

The Residents have not shown that this finding is clearly erroneous. They argue, though, that the presumptive sixty-six-foot width should be deemed rebutted for the entire length of that street. The trial court disagreed:

> I think it's more or less a matter of logic that if the Legislature creates a presumption for a length of highway, and gives notice to all the potential landowners in the world about what it means to buy land along that highway, that if there are two landowners who are not subject to that presumption because no notice was given to them and they built their walls and nobody stopped them, the exception to the presumption applies

to them but it doesn't apply to every single landowner all the way down the rest of the stretch of that highway.

On our *de novo* review of this legal conclusion, we agree with the trial court.

¶ 8. The Residents contend that *Affeldt, Barrows v. Kenosha County*, 8 Wis. 2d 58, 98 N.W.2d 461 (1959), and *Threlfall v. Town of Muscoda*, 190 Wis. 2d 121, 527 N.W.2d 367 (Ct. App. 1994), support their view that the sixty-six-foot-width presumption is rebutted for the entire street. We disagree.

¶ 9. *Affeldt* was a summary-judgment case, where the property owners claimed, as material to this appeal, that their encroaching trees and fences were sufficient evidence to rebut the sixty-six-foot-width presumption. *Affeldt*, 2011 WI 56, ¶ 2, 335 Wis. 2d at 107, 803 N.W.2d at 57. In analyzing the summary-judgment evidence, *Affeldt* first turned to roads that were not laid out by a government entity but, rather, were "created by [a] user" so that the encroachments that existed as the roads developed or were created determined the roads' width. *Id.*, 2011 WI 56, ¶ 56, 335 Wis. 2d at 129, 803 N.W.2d at 68. ("[E]vidence of ancient fences within a [sixty-six-foot] width is sufficient to rebut the presumption under Wis. Stat. § 82.31(2)(a) that a highway *created by user* is [sixty-six feet] wide. If a landowner rebuts the presumption that a highway *created by user* is [sixty-six feet] wide, then the highway's width is determined by the limits of the user.") (emphasis added, internal citations omitted).[2] *Affeldt*'s use of the phrase

---

[2] *Affeldt v. Green Lake County*, 2011 WI 56, ¶ 46, 335 Wis. 2d 104, 123, 803 N.W.2d 56, 65 recognizes that sixty-six feet equals the "four rods" referred to in an earlier version of the statute and in some of the cases. We believe that it is easier for us to refer to the presumed width as "sixty-six feet" throughout.

"determined by the limits of the user" refers to roads created by a user and that would, as a result, accommodate the user's needs. *Affeldt* held that the summary-judgment evidence in that case raised a genuine issue of material fact as to the intended width of the road, whether created by the user or laid out by a governmental entity, *id.*, 2011 WI 56, ¶¶ 66–67, 335 Wis. 2d at 134–135, 803 N.W.2d at 71, because under the evidence a factfinder could determine that the entity laying the road accommodated the landowners' encroachments just as user-created roads accommodated the user/developer's needs, *see id.*, 2011 WI 56, ¶ 66, 335 Wis. 2d at 134–135, 803 N.W.2d at 71 (road laid out but not recorded); *id.*, 2011 WI 56, ¶ 67, 335 Wis. 2d at 135, 803 N.W.2d at 71 (road created by user). This is not the situation here because the Residents do not develop any argument that the encroachments played any role in the street's development.

¶ 10. *Affeldt* derived its holding from both *Barrows* and *Threlfall, see Affeldt*, 2011 WI 56, ¶¶ 46–56, 335 Wis. 2d at 124–129, 803 N.W.2d at 65–68, to which we now turn.

¶ 11. *Barrows* was an inverse-condemnation case involving what *Barrows* determined was a laid road (contrary to the trial court's finding in *Barrows* that it was a road created by the user). *Barrows*, 8 Wis. 2d at 60, 69, 98 N.W.2d at 462, 467. *Barrows* also determined that although the road's width was less than sixty-six feet opposite the Barrows' property, the road was laid out as a sixty-six-foot wide road:

> The record is barren of any evidence which would offer any explanation as to why the town authorities may have laid out the highway so as to be 4 rods [sixty-six feet] in width both to the north and south of the Barrows' property, but have laid it out as a 3–rod

673

width opposite the Barrows' parcel. All of the evidence must be viewed as a whole in determining whether the existence of the fence line, or lines, at and opposite the Barrows' property, raise a reasonable inference that [the highway] was there laid out at a 3–rod width. We do not believe that it does and, therefore, the statutory presumption has not been rebutted.

*Id.*, 8 Wis. 2d at 70–71, 98 N.W.2d at 467.[3] Brown Deer does not argue that this undercuts the trial court's determination that the presumptive sixty-six-foot width was rebutted in connection with the encroaching structures of the three property owners in this case.

¶ 12. *Threlfall* held that a road running past the landowners' property was a public road that had been worked by the county for at least the requisite ten years and that the landowners "did not show that the public's use of the road was permissive." *Threlfall*, 190 Wis. 2d at 128, 527 N.W.2d at 369. Accordingly, under the then-existing version of the current statute, the road was presumed to be sixty-six feet wide. *Ibid. Threlfall* determined, however, that the landowners successfully rebutted the presumption, holding that: (1) the road was "presumed to have been created by adverse use"; (2) thus, the road was "established by user"; and (3) accordingly, the "ancient fences" along the road that narrowed it to less than the presumptive sixty-six feet. *Id.*, 190 Wis. 2d at 129–131, 527 N.W.2d at 370–371.

¶ 13. The Residents do not develop any argument, and even appear to not contend, that the street at issue here is a user-created road, and they do not develop any

---

[3] As seen in note 2, we are using "sixty-six" feet for clarity instead of the cases' use of "four rods." We leave unaltered, however, the reference in *Barrows v. Kenosha County*, 8 Wis. 2d 58, 98 N.W.2d 461 (1959), to "three rods," which is obviously less than the road's four-rod, sixty-six-foot, presumptive width.

contention that the road was laid to accommodate any pre-existing encroachments. Further, the trial court specifically found that Brown Deer had been using and maintaining the full presumptive sixty-six-foot width of the road, other than where the three structures en- croached. The Residents have not shown how this finding is clearly erroneous; they do, however, argue that the trial court should not have included in the sixty-six-foot width parts not used for vehicular traffic, such as sidewalks.

 B. *What is a "highway" as that term is used in* WIS. STAT. *§ 82.31(2)?*

■■

¶ 14. The Residents contend that the trial court erred in determining that, as phrased in one of the orders, "the term 'public highways' in WIS. STAT. § 82.31(2)(a) includes every kind of 'public way[] and thoroughfare[]' within the definition of 'highway' in WIS. STAT. § 990.01(12), and specifically includes sidewalks." (Brackets by the trial court.) The Residents argue that Brown Deer "may not use" the presumptive sixty-six-foot width "for any improvements other than the paving of roadway surfaces for use by vehicles." (Capitalization omitted.) The Residents point to WIS. STAT. § 340.01(22), which defines "Highway," as material to the Residents' argument, to mean:

> all public ways and thoroughfares and bridges on the same. It includes the entire width between the bound- ary lines of every way open to the use of the public as a matter of right for the purposes of vehicular travel. It includes those roads or driveways in the state, county or municipal parks and in state forests which have been opened to the use of the public for the purpose of vehicular travel.

As the trial court recognized, however, application of that definition is limited to Wɪs. Sᴛᴀᴛ. § 23.33 (concerning "All-terrain vehicles and utility terrain vehicles") (Bolding omitted.) and Wɪs. Sᴛᴀᴛ. chs. 340 to 349 and 351. *See* Wɪs. Sᴛᴀᴛ. § 340.01 intro. ("In s. 23.33 and chs. 340 to 349 and 351, the following words and phrases have the designated meanings unless a different meaning is expressly provided or the context clearly indicates a different meaning."). By the section's terms, it does not apply to Wɪs. Sᴛᴀᴛ. § 82.31(2)(a). Rather, as the trial court also recognized, the general definition in Wɪs. Sᴛᴀᴛ. § 990.01(12) governs. It provides that " 'Highway' includes all public ways and thoroughfares and all bridges upon the same," and does not have any limitation restricting the definition to vehicular traffic. *See* Wɪs. Sᴛᴀᴛ. § 990.01 intro. ("In the construction of Wisconsin laws the words and phrases which follow shall be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the legislature."). The trial court's construction is consistent with case law. *See Ellerman v. City of Manitowoc*, 2003 WI App 216, ¶ 7, 267 Wis. 2d 480, 484–485, 671 N.W.2d 366, 368 ("Case law has extended the definition of 'highway' to include roads, streets, bridges, sidewalks, driveway aprons and shoulders of the highway.") (collecting Wisconsin cases).

¶ 15. Although the Residents contend that many municipalities have deliberately eschewed sidewalks as a matter of policy, a community's aesthetic political decisions do not trump the statutes we have here. The Residents also argue that a road is merely an "easement" and cite cases that support that contention, at least in some respects. *See Walker v. County of Green Lake*, 269 Wis. 103, 111, 69 N.W.2d 252, 257 (1955) (" 'In the absence of a statute expressly providing for the

676

acquisition of the fee, or of a deed from the owner expressly conveying the fee, when a highway is established by dedication or prescription, or by the direct action of the public authorities, the public acquires merely an easement of passage, the fee title remaining in the landowners.' ") (quoted source omitted); *Berger v. Town of New Denmark*, 2012 WI App 26, ¶ 13, 339 Wis. 2d 336, 342, 810 N.W.2d 833, 836 ("Absent express language to the contrary, our courts presume that the grantor of land to be used for roadways intended to convey only an easement."). This case, however, does not concern either the grant of a fee or of an easement because irrespective of how the street came to be as a laid road (and not a user-created road), WIS. STAT. § 82.31(2)(a)'s presumptive-width mandate governs.

¶ 16. In light of the analyses in Part II.A. and this Part II.B., we affirm the trial court's ruling that the presumptive sixty-six-foot width was not rebutted for the entire length of the street. We now turn to the Residents' constitutional challenge.

C. *Constitutionality of WIS. STAT. § 82.31(2)(a).*

█

¶ 17. The Residents in a short and largely undeveloped argument contend that WIS. STAT. § 82.31(2)(a) is "an unconstitutional taking in violation of Article I, Section 13 of the Wisconsin Constitution and the taking clause of the 5th Amendment of the U.S. Constitution."[4] They rely wholly on two Minnesota decisions, *Barfnecht v. Town Board of Hollywood Township*, 232 N.W.2d 420

---

[4] The Fifth Amendment to the United States Constitution, provides as material: "No person shall . . . be deprived of . . . or property, without due process of law; nor shall private property be taken for public use, without just compensation." The

(Minn. 1975), and *Alton v. Wabedo Township*, 524 N.W.2d 278 (Minn. App. 1994), and ask us "to rely on the rule and the reasoning of the Minnesota cases and find that the provisions of Wis. Stat. § 82.31(2)(a) are facially unconstitutional, in violation of the due process clauses of the 5th and 14th Amendments to the U.S. Constitution and Article I Section 13 of the Wisconsin Constitution prohibiting the acquisition of private property without compensation."[5]

¶ 18. The two Minnesota decisions are not applicable because they interpreted provisions that were, in effect, conclusive presumptions, and, contrary to a passing three-word assertion in the Residents' main brief on this appeal that is neither supported nor developed, not rebuttable presumptions. Thus, in *Barfnecht*, the statute provided as material to our discussion:

> When any road or portion thereof shall have been used and kept in repair and worked for at least six years continuously as a public highway, the same shall be *deemed dedicated* to the public to the width of two rods on each side of the center line thereof and be and remain, until lawfully vacated, a public highway whether the same has ever been established as a public highway or not;

*Barfnecht*, 232 N.W.2d at 422 (emphasis added; quoting Minn. Stat. § 160.05).[6] *Barfnecht* held that this "deemed

---

Wisconsin Constitution, art. I, § 13 provides: "The property of no person shall be taken for public use without just compensation therefor."

[5] The due-process clause of the Fourteenth Amendment, in section 1, provides that no state may "deprive any person of . . . property, without due process of law."

[6] Two rods on either side would equal four rods or sixty-six feet.

dedicated" provision without any escape-valve mechanism, violated the "public taking" provision of the United States and Minnesota Constitutions. *Id.*, 232 N.W.2d at 423 ("As a result of the constitutional provisions cited above, we hold that [the statute] does not authorize a township to widen a road acquired by adverse public use beyond that width actually acquired by such adverse use. Privately owned land cannot become public road by adverse use beyond the portion so used merely by a statutory pronouncement to that effect.").

¶ 19. *Alton* similarly concerned in essence a conclusive presumption that permitted the township to declare "a 66–foot wide easement over" a road running past Alton's property, irrespective of the township's actual "adverse use." *Alton*, 524 N.W.2d at 280–281 (relying on *Barfnecht*'s holding that, as phrased by *Alton*, "privately owned land cannot, merely by a statutory announcement to that effect, become a public road by adverse use beyond the portion used"). Here, as noted, WIS. STAT. § 82.31(2)(a) accommodates "actual use" by making the sixty-six-foot presumptive width rebuttable by virtue of WIS. STAT. RULE 903.01. Rebuttable presumptions are used routinely in the law to advance a public interest even though conclusive presumptions would be unconstitutional. *See Carella v. California*, 491 U.S. 263, 265–266 (1989) (mandatory presumptions in criminal cases violate a defendant's right to due process). Thus, RULE 903.03 permits presumptions in criminal cases but specifically recognizes that they must be not only rebuttable, but that, contrary to the civil presumption rule in RULE 903.01, the State, as proponent of the result permitted by the presumption, bears the ultimate beyond-a-reasonable-doubt burden on whether the defendant is guilty.[7]

---

[7] WISCONSIN STAT. RULE 903.03 provides:

¶ 20. The Minnesota cases on which the Residents rely are not helpful to our analysis, and the Residents do not further develop their contention that Wis. Stat. § 82.31(2)(a) is unconstitutional. They certainly have not proved the statute to be unconstitutional beyond a reasonable doubt, which, as we have already seen, is their burden.

¶ 21. We affirm.

*By the Court.*—Judgment affirmed.

(1) Scope. Except as otherwise provided by statute, in criminal cases, presumptions against an accused, recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this rule.

(2) Submission to jury. The judge is not authorized to direct the jury to find a presumed fact against the accused. When the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge may submit the question of guilt or of the existence of the presumed fact to the jury, if, but only if, a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. When the presumed fact has a lesser effect, its existence may be submitted to the jury if the basic facts are supported by substantial evidence, or are otherwise established, unless the evidence as a whole negatives the existence of the presumed fact.

(3) Instructing the jury. Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt.