**COURT OF APPEALS
DECISION
DATED AND FILED**

**June 17, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP958**

Cir. Ct. No. 2021CV305

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

ANNA HEISE REVOCABLE TRUST,

PLAINTIFF-APPELLANT,

V.

VILLAGE OF PEWAUKEE AND WISCONSIN DEPARTMENT OF TRANSPORTATION,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL P. MAXWELL, Judge. *Affirmed.*

Before Neubauer, P.J., Gundrum, and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Anna Heise Revocable Trust (Heise) appeals from the circuit court's order granting summary judgment to the Village of Pewaukee (Village) and the Wisconsin Department of Transportation (DOT). Heise contends that a taking of its private property occurred when an entrance onto a Village highway was closed and replaced with a sidewalk and other improvements as part of a railroad safety project. We affirm because the summary judgment record supports the court's decision holding that Heise failed to show that the Village or the DOT physically occupied private property owned by Heise.

¶2 The area at issue is shown in a Waukesha County GIS mapping system aerial photo that was reproduced, marked up, and referred to by both parties in their briefs. The photo is in color and does not clarify the area in dispute when printed in black and white. However, for informational purposes we have included the web address for the Waukesha County GIS mapping system in which a photo can be accessed.[1]

¶3 Heise contends that an entrance onto Oakton Avenue from Oakton Court was taken. The Village and the DOT contest that contention.[2] We refer to the entrance as the Oakton connector.

---

[1] This website, https://www.waukeshacounty.gov/parks-and-land-use/land-information-system/interactive-map/ (last visited June 13, 2026), provides a visual aid to show the configuration of the roads. (In order to access the photo, click on the "I Accept These Terms" blue box, click the "I Accept These Terms" white box that pops up, click on the "Search" option, click on the "Address" bubble, start to type "440 OAKTON AVE" until is appears in the drop-down box and select it, and then click the "Submit" box.) We do not attribute accuracy to the designation of Oakton Court as a private road. As Waukesha County makes clear, the information is provided for informational purposes only. *See id.*

[2] Based on the DOT's description of the area, we provide the following information:

*Oakton Avenue*: Oakton Avenue runs west to east. Oakton Avenue is a Village highway that turns into Capitol Drive after the railroad crossing.

(continued)

¶4      Wisconsin received a grant from the Federal Railroad Administration to fund safety improvement projects at various railroad crossings in Waukesha County. The DOT prepared the designs for the Oakton Avenue crossing. The DOT and the Village worked together to implement the project.[3]

¶5      The layout of the plan was designed to meet the requirements of the federal grant, which required that driveways and road connections within 60 feet of a railroad crossing be removed or relocated, if possible. The Oakton connector was removed because it was within 60 feet of the railroad crossing and did not meet the sealed corridor requirements.

¶6      Heise filed a complaint alleging that the actions of the Village and the DOT in removing the highway connection onto Oakton Avenue constituted: (1) a taking without just compensation under WIS. STAT. § 32.10 (2023-24)[4]

---

*Oakton Court*: Oakton Court is the road that Heise alleged is their private road and is running northwest to southeast. Without the highway entrance, Oakton Court still connects to Oakton Avenue and Clark Street.

*Canadian Pacific Railway Tracks*: The railway tracks run north of and parallel to Oakton Court. The railroad crossing involves the railway tracks intersecting with Oakton Avenue at a diagonal angle.

*Oakton Connector*: Oakton connector refers to the short section of Oakton Court that was closed as part of the railroad crossing safety project at issue.

[3] While the Village contends that its role was subservient and that the DOT would be solely liable as a condemner if the property had been condemned, because we determine that the disputed Oakton connector is a public highway, we need not address the relative specifics of their roles. *See Lake Delavan Prop. Co. v. City of Delavan*, 2014 WI App 35, ¶14, 353 Wis. 2d 173, 844 N.W.2d 632 (court need not address other issues when one is dispositive).

[4] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

(inverse condemnation),[5] and (2) a taking without just compensation under the Wisconsin and United States Constitutions.[6] Heise sought an order requiring that the Oakton connector be returned to its prior condition.

¶7     The circuit court denied summary judgment to Heise, and granted in part and denied in part summary judgment to the Village and the DOT. The court granted summary judgment as to Heise's first cause of action alleging inverse condemnation, and denied summary judgment as to Heise's second cause of action alleging an unconstitutional taking without just compensation under WIS. STAT. § 66.1035. The parties then stipulated to dismiss with prejudice Heise's second cause of action, and the court entered an order dismissing that claim.

¶8     Heise appeals.

¶9     On appeal, Heise contends that the circuit court erred in granting summary judgment to the Village and the DOT. Heise continues to argue that the closure of the Oakton connector constituted a taking of its private property.

¶10     Summary judgment is appropriate "when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *State Farm Mut. Auto. Ins. Co. v. Langridge*, 2004 WI 113, ¶12, 275 Wis. 2d 35, 683 N.W.2d 75. We review a grant of summary judgment de novo, benefitting

---

[5] WISCONSIN STAT. § 32.10 is a procedural statute through which landowners may pursue a claim that a taking has occurred where the condemner has not proceeded through condemnation statutes.

[6] Heise also alleged claims against the Village for trespass and nuisance but does not pursue those claims on appeal. We deem these claims abandoned. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (issue not raised on appeal is deemed abandoned).

from the circuit court's analysis. *See id.* We interpret statutes de novo. *American Fam. Mut. Ins. Co. v. Haas*, 2017 WI App 83, ¶4, 379 Wis. 2d 336, 904 N.W.2d 830.

¶11 To succeed on an inverse condemnation claim, a property owner must establish that there is a "'taking' of private property for public use," be it either a "regulatory taking" by an onerous regulation or an "actual physical occupation" of the property. *E-L Enters., Inc. v. Milwaukee Metro. Sewerage Dist.*, 2010 WI 58, ¶¶21, 22, 37, 326 Wis. 2d 82, 785 N.W.2d 409. Whether government conduct constitutes a taking is a question of law that we review de novo. *Id.*, ¶20.[7] "A taking must occur before a viable claim for compensation can arise." *Hoffer Props., LLC v. DOT*, 2016 WI 5, ¶31, 366 Wis. 2d 372, 874 N.W.2d 533. Heise has the burden to prove that a taking of its property occurred by clear and convincing evidence. *See Baerwolf v. Wisconsin River Power Co.*, 198 Wis. 112, 113, 223 N.W. 571 (1929); *Town of Schoepke v. Rustick*, 2006 WI App 222, ¶14, 296 Wis. 2d 471, 723 N.W.2d 770.

¶12 While the circuit court granted summary judgment to the Village and the DOT on several grounds, we affirm on the ground that Oakton Court,

___

[7] The first scenario, in which the condemner has not physically taken property but has, through its actions, deprived the owner of all or substantially all beneficial use of its property, is a regulatory taking. *Hoffer Props., LLC v. DOT*, 2016 WI 5, ¶32, 366 Wis. 2d 372, 874 N.W.2d 533. Heise disavowed making any regulatory takings claim before the circuit court. Heise also forfeited any temporary taking argument it now raises by failing to develop it in any meaningful way in the circuit court, either in its pleadings or on summary judgment. "Arguments raised for the first time on appeal are generally deemed forfeited[.]" *State Farm Mut. Auto Ins. Co. v. Hunt*, 2014 WI App 115, ¶32, 358 Wis. 2d 379, 856 N.W.2d 633 (citation omitted). While Heise contends that it did not forfeit this issue, it does not develop any meaningful argument, and thus, we decline to address this issue. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not consider arguments that are undeveloped or unsupported by legal authority).

including the prior Oakton connector entrance onto Oakton Avenue, constitutes an unrecorded public highway. Under WIS. STAT. § 82.31(2)(a), with exceptions not at issue here, "any unrecorded highway that has been worked as a public highway for 10 years or more is a public highway and is presumed to be 66 feet wide." "Worked" means that it has been "regularly maintain[ed]" as a highway, including through "hauling gravel, grading, clearing or plowing, and any other maintenance[.]" WIS. STAT. § 82.01(11).

¶13     It is undisputed that the Village constructed Oakton Court and the Oakton connector and maintained it for more than ten years. The Village created Oakton Court approximately 60 years ago and has since identified it as a public road on its maps, including on a street map from 1979. Since 2007, the Village has been publicly certifying Oakton Court as a public highway pursuant to the Village's obligations under WIS. STAT. § 86.302(1g) to certify its inventory of roads open to and used for travel.

¶14     Since the 1960s, the Village has maintained Oakton Court as part of its road system, including but not limited to, annually—snowplowing, pothole repair, crack filling, signage as needed, and roadway improvements. Heise's representative conceded that the Village snowplowed the area and maintained the small piece of grass that was there, and Heise never complained about that or placed signage or fencing around the area to indicate that it was a private road.

¶15     Heise points to a 1991 quitclaim deed and other documents to contend that it is the owner of the Oakton connector, but as the circuit court pointed out, a quitclaim deed only passes the interest that the grantor could lawfully convey. *See* WIS. STAT. § 706.10(4). Heise takes the land subject to the operation of the same statutory provision—that the Oakton Court and connector is,

and was, a public highway under WIS. STAT. § 82.31(2). None of the documents Heise provides disputes the facts showing that the Village has been treating this area as a public highway for decades.

¶16 Heise argues that WIS. STAT. § 82.31(2) does not apply to the Village because it only applies to towns. This argument was rejected in *Affeldt v. Green Lake County*, 2011 WI 56, 335 Wis. 2d 104, 803 N.W.2d 56. In that case, our supreme court explained that WIS. STAT. ch. 82 is the "result of the legislature's significant reorganization of WIS. STAT. chs. 80 and 81"—chapters which "dated back to the 1800s and had been updated piecemeal, without regard to internal organization." *Affeldt*, 335 Wis. 2d 104, ¶35 n.4. However, it is "clear that substantive changes were not intended unless specifically noted in the Act." *Id.*

¶17 The supreme court held that WIS. STAT. "§ 82.31, in particular, is a recodification of WIS. STAT. § 80.01(1m)–(2) (2001–02). WIS. ACT 214, §§ 21–23. Former [WIS. STAT.] chapter 80 was entitled generally 'Laying Highways' and was not limited in scope to town highways." *Affeldt*, 335 Wis. 2d 104, ¶35 n.4. The reorganization act "does not indicate a substantive change between … § 82.31 and … § 80.01(1m)–(2) (2001-02)." *Affeldt*, 335 Wis. 2d 104, ¶35 n.4.; *see also Village of Brown Deer v. Balisterri*, 2013 WI App 137, ¶1, 351 Wis. 2d 665, 841 N.W.2d 59 (applying § 82.31(2) to streets worked by a village). We are bound by the supreme court's conclusion that § 82.31 is not limited to towns.

¶18 Lastly, Heise argues that even if WIS. STAT. § 82.31(2) applies, such that the Oakton Court and Oakton connector are public highways, the Village only obtained an easement for highway purposes when it replaced the highway entrance with a sidewalk. Heise points to *International Paper Co. v. City of Fond du Lac*,

50 Wis. 2d 529, 532–33, 184 N.W.2d 834 (1971) for its contention that when a city or village holds a highway easement for the benefit of the public, if the road is vacated, the land will revert to the landowner. We reject this argument.

¶19    Even if the Village held an easement, Oakton Court remains a public highway—contrary to Heise's contention, it has not been vacated. Likewise, the Oakton connector has not been vacated. The sidewalk extension is a "highway." A "highway" within WIS. STAT. § 82.31(2) includes all public ways, "includ[ing] roads, streets, bridges, sidewalks, driveway aprons and shoulders of the highway." *Village of Brown Deer*, 351 Wis. 2d 665, ¶14 (quoting *Ellerman v. City of Manitowoc*, 2003 WI App 216, ¶7, 267 Wis. 2d 480, 671 N.W.2d 366).

¶20    Heise does not address that the continued use of the connector with the sidewalk extension is a highway, and it could not make any argument that the project was not for the purpose of improving safety at the railroad crossing for the benefit of the public.[8]    Thus, Heise's reliance on *International Paper Co.*, 50 Wis. 2d at 532–33 is inapt.    Likewise, Heise's contention that WIS. STAT. § 66.1003(2) applies because the Oakton connector has been discontinued as a public highway, and title to the unrecorded highway lands would revert to the respective owners under WIS. STAT. § 66.1005 is equally unavailing, because Oakton Court and the connector have not been discontinued.

---

[8] We need not detail the ample undisputed evidence in the record showing that the safety improvements benefit the public.

¶21 For these reasons, we conclude that the circuit court did not err in granting summary judgment to the Village and the DOT, dismissing Heise's taking claim.[9]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[9] While our determination that the property at issue is a public highway is dispositive, we do note that the supreme court, in *Sojenhomer LLC v. Village of Egg Harbor*, 2024 WI 25, ¶26, 412 Wis. 2d 244, 7 N.W.3d 455, directly rejected Heise's additional argument that condemnation was improper because the Oakton connector project extended a sidewalk. The supreme court held that "the limitations on condemnation in [WIS. STAT. §] 32.015," which prohibit condemnation to establish or extend a "pedestrian way," do not prohibit condemnation to build a sidewalk, because the definition of "pedestrian way" "does not include sidewalks." *Id.* (citing WIS. STAT. § 346.02(8)(a)).

Beyond that, because we conclude that Heise failed to show that the Oakton connector is its private property, we need not consider the parties' additional arguments including, but not limited to, the Village's waiver, laches and estoppel arguments, and its contention that it was not a condemning authority, and the DOT's arguments that the Village had the power to condemn under its police powers, and that the Oakton connector was within the Oakton Avenue right-of-way and the right-of-way of the railroad. *See Lake Delavan Prop. Co.*, 353 Wis. 2d 173, ¶14 (court need not address other issues when one is dispositive).